1997 SD 138

**Harold E. SMITH and Dolores A. Smith, Jointly and Severally, Plaintiffs and Appellees,**

v.

**Albert HERMSEN and Joyce Hermsen, Jointly and Severally, Defendants and Appellants.**

**No. 19815.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 10, 1997.

Decided Dec. 23, 1997.

---

J.M. Grossenburg, Winner, for plaintiffs and appellees.

Stanley E. Whiting, Winner, for defendants and appellants.

AMUNDSON, Justice.

[¶ 1.] Harold and Dolores Smith (Smiths) sued Albert and Joyce Hermsen (Hermsens) for rescission of a land sale after it was discovered that a mortgage was attached to the property. After Hermsens failed to file a timely answer, Smiths were granted a default judgment. The trial court denied Hermsens' motion to set aside default and request for leave to file answer. Hermsens appeal and we reverse and remand.

**FACTS**

[¶ 2.] Hermsens owned approximately thirty-five acres of real estate near Winner, South Dakota. After initial refusals, Hermsens agreed to sell to Smiths a six-acre parcel upon which Smiths planned to build a house. The purchase price of $32,000 was paid and the deed was later filed on February 5, 1996. Neither Smiths nor Hermsens retained legal counsel for representation in this transaction.

[¶ 3.] After the sale, title insurance was purchased by Smiths. Upon issuance of the commitment for title insurance, it was noted that a mortgage existed on the six acres that were sold to Smiths. Smiths did not ask Hermsens to satisfy the mortgage, but proceeded to serve a summons and complaint upon Hermsens for rescission of the contract on March 12, 1996. The complaint alleged Hermsens were guilty of fraud and demanded the sale be rescinded, along with interest, costs, attorney fees, and punitive damages.[1]

[¶ 4.] The mortgage was recorded in September, 1991, when Hermsens established a line of credit with First Union Home Equity Corporation involving a home equity loan. Hermsens were under the impression that this mortgage was going to attach only to their home and the surrounding couple of acres, not to the entire thirty-five acres.

[¶ 5.] When Hermsens received the complaint, they went to Smiths' lawyer's office to discuss this action. Thereafter, Hermsens contacted an attorney so that a partial satisfaction of mortgage could be prepared to release this mortgage on the six acres sold to Smiths. Hermsens did not advise their attorney that they had been served with a summons and complaint. The partial mortgage satisfaction was returned from First Union and filed on April 24, 1996.

[¶ 6.] Also on April 24, 1996, Smiths filed a motion for default judgment. Hermsens received notice of the motion and immediately sought assistance from their attorney. Hermsens' motion to set aside default and request for leave to file an answer was filed on April 29, 1996.

[¶ 7.] The trial court granted default judgment to Smiths and denied Hermsens' motion to set aside the default. The trial court

---

1. Although Smiths contend they did not know that there was a mortgage attached to the property, SDCL 44-8-10 makes it clear that "[t]he record of a mortgage, duly made, operates as notice to all subsequent purchasers and encumbrancers." *See also Aetna Life Ins. Co. v. McElvain,* 363 N.W.2d 186, 188–89 (S.D.1985) (charging party with constructive knowledge of the contents of a mortgage).

found there was no showing of excusable neglect present that would justify setting aside the default. The order for default judgment required Hermsens to pay Smiths the contract price, plus accrued interest, and Smiths were to reconvey the real estate to Hermsens. Hermsens appeal, raising the following issue:

Did the trial court abuse its discretion in denying Hermsens permission to file an answer after the default?

## STANDARD OF REVIEW

[¶ 8.] SDCL 15–6–60(b) provides that upon a showing of "good cause," a judgment by default may be set aside by a court. "The decision to grant or deny relief from a default judgment rests with the sound discretion of the trial court and we will not disturb the trial court's decision absent an abuse of that discretion." *First Federal Sav. & Loan Ass'n v. Strub*, 427 N.W.2d 836, 838 (S.D. 1988) (citation omitted). "The trial court's discretion is to be exercised liberally in accord with legal and equitable principles in order to promote the ends of justice." *In re Estate of Nelson*, 1996 SD 27, ¶ 15, 544 N.W.2d 882, 886 (*citing City of Lemmon v. United States Fidelity & Guar. Co.*, 293 N.W.2d 433, 437 (S.D.1980); *Kuehn v. First Nat'l Bank in Sioux Falls*, 90 S.D. 96, 103, 238 N.W.2d 490, 494 (1976)). "Ultimately, 'any doubt should be resolved in favor of an application to set aside a judgment in order that the case may be tried upon the merits.'" *Roso v. Henning*, 1997 SD 82, ¶ 5, 566 N.W.2d 136, 139 (*citing National Sur. Corp. v. Shoemaker*, 86 S.D. 302, 309, 195 N.W.2d 134, 138 (1972)) (alteration omitted).

## DECISION

### Denial of Permission to File Answer after Default

[¶ 9.] At the outset, we note that "default judgment is an extreme remedy and should only be granted when 'the adversary process has been halted because of an essentially unresponsive party.'" *Roso*, 1997 SD 82 at ¶ 8, 566 N.W.2d at 140 (citations omitted). Nonetheless, Hermsens failed to file a responsive pleading following the service of

the summons and complaint and thus are left seeking relief under SDCL 15–6–60(b)(1).

[¶ 10.] Relief may be granted to Hermsens from the default judgment if the court finds they both (1) acted with excusable neglect and (2) had a meritorious defense. *Hrachovec v. Kaarup*, 516 N.W.2d 309, 311 (S.D.1994); *Clarke v. Clarke*, 423 N.W.2d 818, 820–21 (S.D.1988). "Excusable neglect must be neglect of a nature that would cause a reasonably prudent person under similar circumstances to act similarly." *Peterson v. La Croix*, 420 N.W.2d 18, 19–20 (1988). "Excusable neglect is illusive and difficult to define: 'I could never succeed [in defining it intelligibly]. But I know it when I see it.'" *Clarke*, 423 N.W.2d at 821 (citing *Jacobellis v. State of Ohio*, 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793, 804 (1964) (Stewart, J., concurring) (describing obscenity)). "The term excusable neglect has no fixed meaning and is to be interpreted liberally to insure that cases are heard and tried on the merits." *Eby v. Misar*, 345 N.W.2d 381, 383 (S.D.1984) (citation omitted).

[¶ 11.] A close examination of the facts before us reveals that Hermsens should have advised their lawyer that they had been sued when they sought help in obtaining the release of the mortgage. However, the issue remains, was this excusable? We conclude it was. Hermsens, after contacting Smiths' attorney, proceeded on the belief that the whole point of the lawsuit was based on the existence of the mortgage. It was their understanding that, if the mortgage was released, the lawsuit would be resolved. On the same day they received the summons and complaint, Hermsens sought out their attorney and began the process of securing the release. Further, Hermsens sought relief from the default within twenty days of the date their answer was due, and within five days after they received notice of the motion for default judgment. Also, the partial satisfaction of the mortgage covering Smiths' property was filed April 24, 1996—the same day the motion for default judgment was filed. "This was no dilatory behavior" that was likely to prejudice Smiths. *See Roso*, 1997 SD 82 at ¶ 11, 566 N.W.2d at 141 (*citing Marziliano v. Heckler*, 728 F.2d 151, 156 (2d

Cir.1984) (discussing prejudice to prevailing party as one of three factors in setting aside default judgment); *Winn Dixie Stores, Inc. v. Danielsen,* 544 So.2d 320, 320 (Fla.Dist.Ct. App.1989) (considering due diligence as factor when relief is sought from default judgment); *Flower v. Maryliz Food & Drink Corp.,* 129 A.D.2d 676, 514 N.Y.S.2d 438, 439 (1987) (prejudice as factor in setting aside default judgment)).

[¶ 12.] "The purpose of Rule 60(b) is 'to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts.'" *Hrachovec,* 516 N.W.2d at 311 (citations omitted). That balance will not be disturbed if Hermsens are allowed to contest the issue of fraud lodged in the complaint against them. "As cases should ordinarily be decided on their merits, elementary fairness demands of courts a tolerant exercise of discretion in evaluating excusable neglect." *Roso,* 1997 SD 82 at ¶ 12, 566 N.W.2d at 141 (citing *City of Lemmon,* 293 N.W.2d at 437). We conclude the circuit court failed to exercise the liberal discretion demanded to promote justice in this case. *See Estate of Nelson,* 1996 SD 27 at ¶ 15, 544 N.W.2d at 886; *Phipps v. First Fed. Sav. & Loan,* 438 N.W.2d 814, 819 (S.D.1989) ("excusable neglect" should be liberally construed); *Midcontinent Broad. Co. v. Ava Corp.,* 329 N.W.2d 378, 380 (S.D.1983) (liberal construction of "excusable neglect" proper).

[¶ 13.] The second requirement for relief from the default is the existence of a meritorious defense. *See Peterson,* 420 N.W.2d at 19. This requirement rests on the following standards:

> The party seeking relief must present facts either by answer or affidavit from which it could be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief. An applicant for relief from a judgment satisfies the

meritorious defense requirement, however, if he makes only a prima facie showing. The rule does not intend that there should be two trials on the merits.

*Frieberg v. Frieberg,* 509 N.W.2d 415, 419 (S.D.1993) (citations omitted).

[¶ 14.] Smiths have alleged that Hermsens committed fraud and deceit. "Fraud has been defined as 'a representation ... made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; [and] made with intent to deceive and for the purpose of inducing the other party to act upon it.'" *Klinker v. Beach,* 1996 SD 56, ¶ 13, 547 N.W.2d 572, 576 (alteration in original) (citation omitted). *See also* SDCL 53–4–5. Smiths may also rely on South Dakota statutes defining deceit, in part, as either: "(1) The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; [or] (2) The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true[.]" SDCL 20–10–2(1) & (2). Most importantly, allegations of fraud and deceit are both "generally questions of fact and are to be determined, ordinarily, by a jury." *Tucek v. Mueller,* 511 N.W.2d 832, 836 (S.D.1994) (citation omitted).

[¶ 15.] Hermsens filed an affidavit that contested Smiths' allegations of fraud and deceit. They claim that they were unaware that the home equity mortgage actually was applied to the entire thirty-five acres surrounding their home.[2] Whether or not Hermsens knew about the mortgage, or were reckless in asserting there was no mortgage, or had any reasonable grounds for believing there was a mortgage, are all questions of fact that should be determined by a jury. *See Moss v. Guttormson,* 1996 SD 76, ¶ 7, 551 N.W.2d 14, 16 (noting issues of fraud and deceit are generally questions of fact determined by the jury) (citation omitted).

[¶ 16.] Fraud is the crux of Smiths' claim for rescission. Rescission of a

---

**2.** It is obvious that the six-acre parcel was not intended to be subject to the home equity loan mortgage. This is clear, given the fact that the mortgage was voluntarily released by First Union and given the seeming ease with which the re- lease was obtained. Consequently, Hermsens' purported belief that the mortgage was not intended to apply to the six-acre parcel would be reasonable under the circumstances.

contract is available by statute *only* in the cases set out in SDCL 53–11–2. Furthermore, the "[e]quitable relief of rescission should not be granted unless the evidence is clear and convincing." *Shedd v. Lamb,* 1996 SD 117, ¶ 19, 553 N.W.2d 241, 244 (*citing Vermilyea v. BDL Enter., Inc.,* 462 N.W.2d 885, 888 (S.D.1990)). Therefore, proof of fraud is critical to this action in order to obtain rescission. However, "[w]e have repeatedly held that fraud is never presumed nor lightly inferred and that the burden of establishing fraud rests on the party who seeks to rely on it for affirmative relief." *Sander v. Wright,* 394 N.W.2d 896, 900 (S.D. 1986) (Fosheim, J., concurring) (citations omitted). This burden, coupled with Hermsens' compelling evidence that they did not know the mortgage extended beyond their house, certainly amounts to a prima facie showing that the allegations of fraud and deceit are without merit. *See Roso,* 1997 SD 82 at ¶ 13, 566 N.W.2d at 142 (noting only a prima facie showing is required to meet the meritorious defense requirement) (citing *National Sur. Corp. v. Shoemaker,* 86 S.D. 302, 310, 195 N.W.2d 134, 138–39 (1972)). Consequently, Hermsens' sale of the six acres may not be subject to rescission. Thus, if Hermsens can rebut the charges of fraud at trial, they would certainly "be entitled to a judgment more favorable to [themselves] than the judgment from which [they are] seeking relief." *See Clarke,* 423 N.W.2d at 821 (setting out the requirements for a meritorious defense).

[¶ 17.] Smiths point out three reasons in their brief why Hermsens lack credibility in contending they were without knowledge of the mortgage.[3] However, this evidence is for the jury to consider and it does not negate the fact that Hermsens have made a prima facie showing. We conclude this record con-

tains a showing of a probable meritorious defense which may entitle Hermsens to a more favorable result than that received by default judgment. *See Clarke,* 423 N.W.2d at 821.

[¶ 18.] We reverse and remand.

MILLER, C.J., and SABERS, KONENKAMP and GILBERTSON, JJ., concur.

---

3. Smiths also place weight on the fact that Hermsens assigned a false number to the Certificate of Real Estate Value, contending in their brief that this "destroyed any credibility Albert Hermsen had in his affidavit in support of his motion to excuse default." However, Smiths misapprehend the effect of this evidence. Hermsens' lack of veracity may become an issue at trial in determining the weight their testimony deserves. *See LDL Cattle Co., Inc. v. Guetter,* 1996 SD 22, ¶ 20, 544 N.W.2d 523, 528 (stating

"it is up to [the jury] to determine how much of the evidence of certain witnesses they believe."). However, that does not negate the prima facie showing that has been established. *See Strub,* 427 N.W.2d at 839 (Sabers, J., dissenting) ("The applicant for relief need only make a prima facie showing that a defense exists to satisfy the meritorious defense requirement. The requirement does not contemplate two trials on the merits.") (citation omitted).