1998 SD 53

**Thomas and Linda ELLIOTT, husband and wife, Plaintiffs and Appellants,**

v.

**Curtis L. CARTWRIGHT, d/b/a Rapid City Window & Glass, Defendant and Appellee.**

No. 20109.

Supreme Court of South Dakota.

Considered on Briefs April 27, 1998.

Decided May 27, 1998.

William A. May of Costello, Porter, Hill, Heisterkamp and Bushnell Rapid City, for plaintiffs and appellants.

James P. Hurley of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and appellee.

MILLER, Chief Justice.

[¶ 1.]The sole issue presented to us in this appeal is whether a trial court erred in setting aside a default money judgment. Finding no abuse of discretion, we affirm.

## FACTS

[¶ 2.]Curtis Cartwright is the sole proprietor of Rapid City Window & Glass, a glass

and window installation business in Rapid City, South Dakota. In 1995, he contracted to replace several panes of glass in the house of Thomas and Linda Elliott. Elliotts allege that the windows were not installed correctly and they consequently suffered rain damage to the interior of their home.

[¶ 3.]Elliotts filed suit against Cartwright on August 8, 1996, claiming negligence and breach of contract. Cartwright was personally served with a copy of the summons and complaint, but he failed to answer. On September 13, 1996, Elliotts made an application for a default judgment limited to the issue of liability and served notice of this application on Cartwright. Cartwright failed to appear at the scheduled hearing. The trial court granted a default judgment to Elliotts, notice of which was promptly served upon Cartwright.

[¶ 4.]On December 2, 1996, Elliotts filed a motion to determine damages, seeking $34,-346.94. The notice of hearing on the matter was personally served upon Cartwright. Once again, he failed to appear. The trial court, based upon Elliotts' showing, granted a default judgment to them in the amount of $34,346.94. Notice of entry of this judgment was served by mail two days later.

[¶ 5.]On April 25, 1997, after execution was made on the judgment and money was seized from Cartwright's bank account, he retained counsel who made a motion to set aside the default judgment. After a hearing on this motion, the trial court found that Cartwright had established excusable neglect and set aside the default judgment. Elliotts appeal, claiming the trial court abused its discretion. We affirm.

**DECISION**

[¶ 6.]The sole issue for our review is whether the trial court erred in setting aside the default judgment. Rule 60(b) (codified at SDCL 15-6-60(b)) which governs this issue provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect[.]

[¶ 7.]"The purpose of Rule 60(b) is 'to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts.'" *Peterson v. La Croix*, 420 N.W.2d 18, 19 (S.D.1988) (citation omitted). A motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and we will not disturb it absent an abuse of that discretion. *Clarke v. Clarke*, 423 N.W.2d 818, 820 (S.D.1988) (citing *Matter of T.M.B.*, 416 N.W.2d 260 (S.D.1987); *Overvaag v. City of Dell Rapids*, 319 N.W.2d 171 (S.D.1982)). The trial court should exercise its discretion liberally in accordance with legal and equitable principles so as to promote the ends of justice. *Id.* (citing *City of Lemmon v. U.S. Fidelity & Guaranty*, 293 N.W.2d 433 (S.D.1980)).

[¶ 8.]We have consistently held that "[a]n abuse of discretion occurs only if no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached the same conclusion." *State v. Nguyen*, 1997 SD 47, ¶ 9, 563 N.W.2d 120, 122 (citing *Schuldies v. Millar*, 1996 SD 120, ¶ 8, 555 N.W.2d 90, 95). "This court is more inclined to reverse for failure to set aside a judgment taken by default as in the absence of a litigant and his counsel than where such judgment has been set aside and trial on the merits granted." *Clarke*, 423 N.W.2d at 820 (citations and internal quotations omitted).

[¶ 9.]A party seeking to set aside a judgment under Rule 60(b) must show: (1) excusable neglect; and (2) a probable meritorious defense.[1] *Eby v. Misar*, 345 N.W.2d 381, 382 (S.D.1984) (citing *Pettigrew v. City of Sioux Falls*, 5 S.D. 646, 60 N.W. 27 (1894)). The term "excusable neglect" has no fixed meaning and should be "interpreted liberally to insure that cases are heard and tried on the merits." *Id.* at 383 (citation omitted). "Excusable neglect must be ne-

---

1. Elliotts have only challenged the trial court's determination of excusable neglect, therefore, we do not address whether Cartwright presented a probable meritorious defense.

glect of a nature that would cause a reasonable, prudent person to act similarly under similar circumstances." *Clarke*, 423 N.W.2d at 821.

[¶ 10]The basis for Cartwright's excusable neglect claim is that he was overworked. He saw his business double in just a year because one of his competitors had gone out of business. He claims that he realized, too late, that he had taken on more than he could handle. When he got the notices about the hearings, he claims he did not have the time to look them over and he was so physically and mentally burned out he did not realize what was happening until the money was seized from his bank account.

[¶ 11.]Cartwright was also traveling more due to his increased workload and he was having trouble with some of his employees. Also, his office manager's husband had died of cancer during this time and she took off from work to do some extensive traveling. This caused many papers to be overlooked and, when she eventually quit, it took time to train a new person. During this time, Cartwright had also missed filing his state sales tax on time and that had to be straightened out.

[¶ 12.]Being overworked also added strain to Cartwright's home life, as some days he had to be gone from 3:00 a.m. until after 10:00 p.m. He had two sons move out and go to college and his wife was having a hard time adjusting to no one else being at home. On December 9, 1996, Cartwright's daughter became sick at college and was hospitalized with Influenza A.

[¶ 13.]Throughout this whole time, Cartwright claims he was hoping to remedy any problems that the Elliotts suffered. He also states he did not realize the Elliotts were seeking almost $36,000 in damages, an amount he claims is ten times what he understood their damages to be. (This in spite of the fact that the notice of hearing on the motion to determine damages specifically noted that it could result in a judgment of $34,346.94.)

[¶ 14.]Citing to cases that hold excusable neglect was not shown by a claim that someone was preoccupied with his or her business, Elliotts argue Cartwright has shown nothing but that he was too busy with work to bother with the lawsuit. *See McDonald v. Egan*, 43 S.D. 147, 148, 178 N.W. 296, 296 (1920) (holding that a defendant's excuse that he was extremely busy with other important business was not enough to constitute excusable neglect); *Halpert v. Interstate Computer Serv., Inc.* (*In re World Wide Gifts, Inc.*), 10 B.R. 761, 764 (Bankr.S.D.N.Y.1981) (holding it was not excusable neglect for a company president to only claim he was preoccupied with his company's business and could find no time to contact his attorney). We do not agree.

[¶ 15.]The basis of Cartwright's claim was that his work had become extremely busy, actually doubling in a short amount of time. However, it does not end there. Many difficulties involving work and his home life all compounded to "burn him out" and cause him not to realize what was happening with the lawsuit. In *Clarke*, we held it was excusable neglect that a wife defaulted on a divorce hearing because her husband was having an affair, she had an alcohol problem, and she had relied on her husband's reassurances that he would take care of her. 423 N.W.2d at 821. Elliotts claim that Cartwright's situation is not as severe as the wife's in *Clarke*, so he has not established excusable neglect. That may or may not be true, but the trial court believed there was excusable neglect in this case.

[¶ 16.]Our function on review is not to determine if we would decide the same way as the trial court, but to determine if there was an abuse of discretion. We cannot say that there was.

[¶ 17.]Interpreting excusable neglect liberally, as we must, we hold the trial court did not abuse its discretion in holding Cartwright sufficiently established excusable neglect, and in setting aside the default judgment.[2]

[¶ 18.]Affirmed.

---

2. Considering that Elliotts' counsel did everything "by the book" and followed every safeguard in making a complete record in acquiring the default judgment, this arguably is a classic

[¶ 19.]SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

case for the awarding of terms as a condition of setting it aside, as authorized by Rule 60(b).

However, none were ever requested.