2002 SD 116

**COLTON LUMBER COMPANY,**
**Plaintiff and Appellee,**

v.

**Charles SIEMONSMA, Defendant**
**and Appellant.**

No. 22172.

Supreme Court of South Dakota.

Considered on Briefs April 23, 2002.

Decided Sept. 11, 2002.

Scott Kading of Moore, Rasmussen, Kading & Kunstle for plaintiff Sioux Falls, and appellee.

Michael A. Hauck of Bangs, McCullen, Butler, Foye & Simmons, Sioux Falls, for defendant and appellant.

ROEHR, Circuit Judge.

[¶ 1.] The circuit court denied Charles Siemonsma's (Siemonsma) motion for enlargement of time to answer and granted Colton Lumber Company's (Colton Lumber) application for default judgment. Siemonsma appeals. We reverse and remand.

## FACTS

[¶ 2.] Colton Lumber provided materials and labor to Siemonsma in the construction of two houses-one in Sioux Falls and one at Lake Madison. Siemonsma paid the bulk of his account with Colton Lumber, but did not make the final payment. Colton Lumber's attorney wrote Siemonsma demanding payment of the final $5,542.88. Siemonsma responded with a letter in which he declined to make final payment until certain credits were received, some defective materials replaced, and the projects were finished. In his letter Siemonsma also told Colton Lumber's attorney that if he felt it necessary to proceed he should contact Siemonsma's Sioux Falls attorney.

[¶ 3.] The summons and complaint were personally served on Siemonsma on July 28, 2001. He did not respond. On

August 29 Colton Lumber's attorney mailed a notice of application for default judgment to Siemonsma. Siemonsma returned from an out-of-state business trip on September 3 and met with his attorney on September 5. On the next day Siemonsma's attorney made a motion for enlargement of time to answer;[1] he served an answer and counterclaim two days later.

[¶ 4.] Siemonsma had earlier established his residence in the Sioux Falls house. At the time the summons and complaint were served on him, he was in the process of moving to another residence. He signed the warranty deed for the sale of the residence on August 3 and completed the move to another residence on August 5.

[¶ 5.] Siemonsma's employment requires him to make frequent out-of-state business trips. He left for a business trip to Los Angeles, California, on August 6 and returned on August 9. He left again on August 14 for Toronto, Canada, and returned on August 16. On August 20 he traveled to Dallas, Texas, and returned on August 22. Finally, he left for Richmond, Virginia, and Boston, Massachusetts, on August 24, to return on September 3.

[¶ 6.] After reading the affidavits filed by the parties and hearing the arguments of counsel, the circuit court denied Siemonsma's motion for enlargement of time to answer, struck Siemonsma's answer, and granted Colton Lumber's application for default judgment.

## STANDARD OF REVIEW

[¶ 7.] SDCL 15–6–6(b) provides in part:

When by this chapter or by a notice given thereunder or by an order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time *in its discretion*

. . .

(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect

but it may not extend the time for taking any action under §§ 15–6–50(b), 15–6–59(b) and (d), and 15–6–60(b), except to the extent and under the conditions stated in them. (emphasis added).

Thus, we review a grant or denial of enlargement of time to file an answer under the abuse of discretion standard. *Tingle v. Parkston Grain Co.*, 442 N.W.2d 252, 253 (S.D.1989). We have previously held that "[a]n abuse of discretion occurs only if no judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached the same conclusion." *Elliott v. Cartwright*, 1998 SD 53, ¶ 8, 580 N.W.2d 603, 604 (quoting *State v. Nguyen*, 1997 SD 47, ¶ 9, 563 N.W.2d 120, 122). "The trial court's discretion is to be exercised liberally in accord with legal and equitable principles in order to promote the ends of justice." *Smith v. Hermsen*, 1997 SD 138, ¶ 8, 572 N.W.2d 835, 838 (quoting *In re Estate of Nelson*, 1996 SD 27, ¶ 15, 544 N.W.2d 882, 886).

## DECISION

[¶ 8.] A defendant must answer the plaintiff's summons and complaint within thirty days. SDCL 15–6–12(a). After this time has expired, a circuit court may in its discretion enlarge this time and

---

1. Siemonsma's motion was denominated motion for relief from default and made no reference to any specific statute. No judgment had yet been entered. The motion was clearly a motion to enlarge under SDCL 15–6–6(b), not a motion to set aside a default judgment under SDCL 15–6–55(c) and 15–6–60(b).

permit the answer if the failure to answer was the result of excusable neglect. SDCL 15–6–6(b). In *Tingle*, 442 N.W.2d at 254, we recognized that this excusable neglect is closely analogous to the excusable neglect which must be shown to set aside a default judgment or other final judgment under SDCL 15–6–55(c) and 15–6–60(b).

[¶ 9.] "Excusable neglect must be neglect of a nature that would cause a reasonable, prudent person to act similarly under similar circumstances." *Elliott*, 1998 SD 53 at ¶ 9, 580 N.W.2d at 604, 605 (quoting *Clarke v. Clarke*, 423 N.W.2d 818, 821 (S.D.1988)). "The term excusable neglect has no fixed meaning and is to be interpreted liberally to insure that cases are heard and tried on the merits." *Smith*, 1997 SD 138 at ¶ 10, 572 N.W.2d at 838 (quoting *Eby v. Misar*, 345 N.W.2d 381, 383 (S.D.1984)). Denial of additional time to answer a complaint results in entry of a default judgment. "Default judgments are not favored in the courts since their effect is to prevent a trial on the merits." *National Surety Corp. v. Shoemaker*, 86 S.D. 302, 309, 195 N.W.2d 134, 138 (1972).

[¶ 10.] Although the principles in deciding whether or not to enlarge time to answer are similar to those in deciding whether or not to set aside a default judgment or other final judgment, there is one important difference. "When considering cases involving SDCL 15–6–60(b), we must remember its purpose is 'to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts.'" *Meier v. McCord*, 2001 SD 103, ¶ 21, 632 N.W.2d 477, 483 (quoting *Hrachovec v. Kaarup*, 516 N.W.2d 309, 311 (S.D.1994)). However, when considering a case under SDCL 15–6–6(b), no judgment has yet been en-tered. The court need not be concerned with the sanctity of final judgments.

[¶ 11.] In *Tingle*, 442 N.W.2d at 255, we affirmed the circuit court's refusal to enlarge the time to answer the complaint. In that case, the plaintiff began a foreclo-sure action against two defendants. One defendant failed to answer. The circuit court set the matter for trial. Seventy-five days after its answer was due and thirteen days before the scheduled trial, the de-faulting defendant attempted to answer.

[¶ 12.] In the present case, Siemonsma was in the process of moving his residence at the time of service. He was then in-volved in the sale of the home and thereaf-ter spent much of the thirty days out of the state on business trips. Within the second day after returning to state from an eleven-day business trip, Siemonsma met with his attorney. He made his mo-tion to enlarge the next day -three days after his return to South Dakota and, un-like the case in *Tingle*, nine days after his answer was due. In negotiations prior to the commencement of suit, Siemonsma asked that Colton Lumber's attorney con-tact Siemonsma's attorney if he felt it nec-essary to proceed; although there was no legal requirement that Colton Lumber's attorney do so, the request bolsters Siem-onsma's claim of excusable neglect. We conclude that Siemonsma's neglect was ex-cusable.

[¶ 13.] In Rule 60(b) cases, we have consistently required the moving party to show not only excusable neglect, but also a probable meritorious defense. *Meier*, 2001 SD 103 at ¶ 24, 632 N.W.2d at 483; *Elliott*, 1998 SD 53 at ¶ 9, 580 N.W.2d at 604; *Roso v. Henning*, 1997 SD 82, ¶ 11, 566 N.W.2d 136, 141.

The party seeking relief must present facts either by answer or affidavit from which it could be inferred that upon trial

he would be entitled to a judgment more favorable to himself that the judgment from which he is seeking relief. An applicant for relief from a judgment satisfies the meritorious defense requirement, however, if he makes only a prima facie showing. The rule does not intend that there should be two trials on the merits.

*Frieberg v. Frieberg,* 509 N.W.2d 415, 419 (S.D.1993). We now adopt the meritorious defense requirement for those Rule 6(b) cases in which, after expiration of the thirty days, the moving party seeks an enlargement of time to file an answer.

[¶ 14.] The affidavit Siemonsma submitted in support of his motion to enlarge set forth specific facts regarding his claim of credits not received, defective materials needing replacement, and parts of the project unfinished. He has satisfied the meritorious defense requirement.

[¶ 15.] Siemonsma has demonstrated excusable neglect and a meritorious defense. The circuit court abused its discretion when it denied his motion to enlarge.

[¶ 16.] We reverse and remand.

[¶ 17.] GILBERTSON, Chief Justice, and AMUNDSON, KONENKAMP, and ZINTER, Justices, concur.

[¶ 18.] ROEHR, Circuit Judge, for SABERS, Justice, disqualified.