2003 SD 3

**UPPER PLAINS CONTRACTING INC:, Plaintiff and Appellee,**

v.

**PEPSI AMERICAS, Defendant and Appellant,**

and

**Chad Lesner, Defendant.**

**No. 22388.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 2002.

Decided Jan. 8, 2003.

Roy A. Wise of Richardson, Groseclose, Wyly, Wise & Sauck Aberdeen, South Dakota, Attorneys for plaintiff and appellee.

Ronald J. Hall, Hall Law Firm, Aberdeen, South Dakota, Attorney for defendant and appellant.

ZINTER, Justice.

[¶ 1.] Upper Plains Contracting Inc. (UPCI) filed suit against "Pepsi Americas,"[1] for damage allegedly caused when a Pepsi delivery truck drove over freshly poured concrete at a road construction project. Pepsi Americas failed to timely

---

1. Although "Pepsi Americas" is named as the defendant, the briefs indicate that the actual name of the company involved in this proceeding is "Pepsi Americas, Inc."

answer the complaint, and UPCI moved for a default judgment. Pepsi Americas retained counsel to appear and resist the motion for default judgment. Pepsi Americas also moved for an extension of time so it could file an answer to the complaint. The circuit court denied Pepsi Americas' motion to extend the time to answer, and it granted UPCI's motion for default judgment. Shortly after the entry of the default judgment, Pepsi Americas discovered that it was not the entity that owned the truck or employed the driver who drove on the concrete. Pepsi Americas then moved to have the default judgment vacated. The circuit court denied the motion to vacate the default judgment. Pepsi Americas appeals. We reverse.

### FACTS AND PROCEDURAL HISTORY

[¶ 2.] This appeal arose out of an incident that occurred when a Pepsi truck, driven by Chad Lesner, drove over freshly poured concrete at a road construction project. UPCI was the general contractor responsible for the construction project. UPCI and Pepsi Americas attempted to informally resolve the resulting damage claim. When those efforts failed, UPCI filed this suit alleging that Pepsi Americas and Lesner were liable for the damage to the roadway.

[¶ 3.] UPCI attempted to commence the lawsuit by mailing[2] a summons and admission of service to Lisa Pigors, a secretary at Pepsi–Cola Bottling Co. of Aber-

deen, LLC, a South Dakota limited liability company. The admission of service was addressed to "Pepsi Americas." Pigors forwarded it to Attorney Scott Nehs, a Vice President of Pepsi Americas, Inc. Pepsi Americas, Inc. is a Delaware corporation with its principal place of business in Illinois. The corporation is what the parties have described as a third-tier indirect "parent" or holding company of Pepsi–Cola Bottling Co. of Aberdeen, LLC. Nehs signed the admission of service as "W. Scott Nehs, Vice–President Legal" without indicating the entity on whose behalf he was signing. UPCI was unsuccessful in commencing the suit against Lesner.

[¶ 4.] At the time Nehs admitted service of the summons and complaint, Shawn Nutter was adjusting the claim for Pepsi Americas and had been in communication with UPCI's counsel. Ms. Nutter was a senior claims representative for Gallagher Bassett Services Inc., a third-party administrator that handled property damage claims against Pepsi bottling companies. Nehs stated by affidavit that Pepsi Americas did not answer the complaint because he knew that this adjuster was working on the case, and he knew that Lesner had not been served. Nehs believed the case would not proceed, and therefore, they would not need to file an answer until Lesner was served and joined as a co-defendant. Therefore, Pepsi Americas failed to answer the complaint within thirty days as required by SDCL 15–6–12(a).

---

2. SDCL 15–6–4(i) provides:

Notwithstanding any other provision of law, a summons may be served upon a defendant in any action by mailing a copy of the summons, two copies of the notice and admission of service, conforming substantially to the form provided for in § 15–6–4(j), and a return envelope, postage prepaid, addressed to the sender. The notice and admission of service shall set forth that the failure to sign and return the admission of service within twenty days after the date of mailing without good cause will result in the court ordering the person so served to pay the costs of personal service.

Unless good cause is shown for not returning the admission of service to the sender within twenty days of mailing, the court shall order the payment of the costs of personal service to be paid by the defendant in the action.

[¶ 5.] Approximately twenty-four days after the time expired for Pepsi Americas to file its answer, UPCI mailed a motion for default judgment, notice of motion, and supporting affidavit to Pigors in Aberdeen. Although Nehs had "appeared," UPCI did not serve the motion for default judgment upon Nehs as required by SDCL 15–6–55(b)(1).[3] Pigors did, however, forward the documents to Nehs. Nehs received the motion, affidavit and application on October 30, 2001, and he promptly retained counsel to appear, answer, and resist the motion.

[¶ 6.] The default judgment hearing was scheduled for November 6, 2001. At that time, Pepsi Americas resisted the motion for default judgment, and it moved for an extension of time so it could file an answer. Pepsi Americas argued that Nehs' neglect in failing to file an answer was excusable. With respect to the merits of the suit, Pepsi Americas argued that UPCI was contributorily negligent because they had not properly barricaded the freshly poured concrete. Pepsi Americas also contested the amount of damages prayed for in UPCI's complaint.

[¶ 7.] The circuit court ruled that Pepsi Americas did not demonstrate excusable neglect in failing to file a timely answer. Therefore, the circuit court denied Pepsi Americas' motion to extend the time for filing an answer, and it granted UPCI's application for a default judgment.

[¶ 8.] Shortly after entry of the default judgment, Pepsi Americas' counsel discovered that Pepsi Americas was neither the owner of the truck nor Lesner's employer. Apparently, Pepsi–Cola Bottling Company of Aberdeen, LLC owned the truck and employed Lesner.

[¶ 9.] Pepsi Americas then filed a motion for relief from the default judgment pursuant to SDCL 15–6–60(b). It also filed another motion for leave to file an amended answer. At the hearing on these motions, the circuit court ruled that Pepsi Americas demonstrated meritorious defenses, but it did not establish excusable neglect for having failed to file a timely answer. Therefore, the circuit court denied Pepsi Americas' motions and reaffirmed the default judgment.

[¶ 10.] Pepsi Americas appeals raising five issues.

1. **Whether the trial court abused its discretion in granting a default judgment to UPCI.**

2. **Whether the trial court abused its discretion in refusing to set aside the default judgment based on SDCL 15–6–60(b), and more specifically:**

A. **Whether the trial court abused its discretion in refusing to set aside the default judgment based on mistake, inadvertence, surprise or excusable neglect. (SDCL 15–6–60(b)(1)).**

B. **Whether the trial court abused its discretion in refusing to set aside the default judgment based on newly discovered evidence, which could not have been discovered in time to present before the hearing on UPCI's application for default judgment. (SDCL 15–6–60(b)(2)).**

C. **Whether the trial court abused its discretion in refusing to set aside**

---

**3.** SDCL 15–6–55(b)(1) provides in part: "If the party against whom judgment by default is sought has appeared in the action, he ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application."

Although Pepsi Americas did not file an answer, its ongoing involvement in this case constituted an appearance. *See Meier v. McCord,* 2001 SD 103, ¶ 23, 632 N.W.2d 477, 483.

the default judgment based on misrepresentation of facts through proof by affidavit from plaintiff's attorney. (SDCL 15-6-60(b)(3)).

D. Whether the trial court erred in refusing to set aside the default judgment for lack of personal jurisdiction over, insufficiency of service upon, and failure to name the proper party defendant. (SDCL 15-6-60(b)(4)).

Because this appeal is resolved by issue 2 A, we only consider:

Whether the trial court abused its discretion in refusing to set aside default judgment based on mistake, inadvertence, surprise or excusable neglect under SDCL 15-6-60(b)(1).

## STANDARD OF REVIEW

[¶ 11.] We review a grant or denial of relief from a default judgment under the abuse of discretion standard of review.

"The decision to grant or deny relief from a default judgment rests with the sound discretion of the trial court and we will not disturb the trial court's decision absent an abuse of that discretion." "The trial court's discretion is to be exercised liberally in accord with legal and equitable principles in order to promote the ends of justice." "Ultimately, 'any doubt should be resolved in favor of an application to set aside a judgment in order that the case may be tried upon the merits.'"

*Smith v. Hermsen*, 1997 SD 138, ¶ 8, 572 N.W.2d 835, 838 (internal citations omitted).

## DECISION

[¶ 12.] "A default judgment is an extreme remedy and should only be granted when 'the adversary process has been halted because of an essentially unresponsive party.'" *Roso v. Henning*, 1997 SD 82, ¶ 8, 566 N.W.2d 136, 140 (further citations omitted). "Default judgments are not favored in the courts since their effect is to prevent a trial on the merits." *Colton Lumber Co. v. Siemonsma*, 2002 SD 116, ¶ 9, 651 N.W.2d 871, 874 (citing *National Surety Corp. v. Shoemaker*, 86 S.D. 302, 309, 195 N.W.2d 134, 138 (1972)).

[¶ 13.] A court may relieve a party from a default judgment pursuant to SDCL 15-6-55(c)[4] and 15-6-60(b). SDCL 15-6-60(b)(1) provides: "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for ... [m]istake, inadvertence, surprise, or excusable neglect." Relief from a default judgment under the excusable neglect portion of this statute may be granted upon a showing that the defendant "(1) acted with excusable neglect and (2) had a meritorious defense." *Hermsen*, 1997 SD 138, ¶ 10, 572 N.W.2d at 838 (further citations omitted). "Excusable neglect must be neglect of a nature that would cause a reasonably prudent person under similar circumstances to act similarly." *Id.* (citing *Peterson v. LaCroix*, 420 N.W.2d 18, 19-20 (S.D.1988)). "The term excusable neglect has no fixed meaning and is to be interpreted liberally to insure that cases are heard and tried on the merits." *Id.* (citing *Eby v. Misar*, 345 N.W.2d 381, 383 (S.D. 1984)).

[¶ 14.] In this case, Pepsi Americas argued that its affidavits established excusable neglect, mistake and meritorious

4. SDCL 15-6-55(c) provides "[f]or good cause shown the court may set aside a judgment by default in accordance with § 15-6-60(b).

defenses. Pepsi Americas contended that it established excusable neglect by showing that it believed that the case would not proceed, and that it need not answer, until the driver of the truck was served and joined as a co-defendant. Pepsi Americas also argued that both parties mistakenly believed that Pepsi Americas was the proper party defendant. Pepsi America finally raised the defenses of contributory negligence and a substantial challenge to the $52,464.83 damage claim pled by UPCI and awarded in the default judgment.

[¶ 15.] The circuit court rejected these arguments reasoning:

> [I]t certainly would appear to the Court questionable as to what the entity's name is that owns the truck.... [T]he simplest thing to do would be to file your Answer, contest the action and put the Plaintiff on his strict proof but they didn't file an Answer, they didn't deny that they were the owners.... So it appears to the Court that they had an opportunity here to defend the action, they didn't do that, it wasn't on the part or wasn't due to any representation or misrepresentations made by the Plaintiff, they simply failed to respond, that it isn't—it would not qualify as excusable neglect or inadvertence[.]

We conclude that this reasoning misapplies our precedent because it fails to consider all of the facts relating to the reasons for Pepsi Americas neglect, it fails to consider the mutual mistake, it fails to utilize the underlying balancing which is inherent in all cases decided under SDCL 15–6–60(b), and it fails to apply the required favoritism for a trial on the merits.

[¶ 16.] We have recently noted that when deciding whether to grant relief from a default judgment under SDCL 15–6–60(b), courts must "preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done *in light of all the facts." Colton Lumber Co.,* 2002 SD 116, ¶ 10, 651 N.W.2d at 874 (emphasis added) (further citations omitted). Here, Pepsi Americas' affidavits set forth facts not considered in the circuit court's reasoning. Specifically, Pepsi Americas affidavits indicated that UPCI's claim had been assigned to Gallagher Basset for adjustment. In that process, Ms. Nutter had communicated with, and made a compromise offer to UPCI's attorney that was rejected. UPCI's attorney had later copied Ms. Nutter and Pepsi–Cola of Aberdeen, LLC with a letter to the sheriff indicating that UPCI was still attempting to obtain service on Lesner. Because she was sent a copy of the letter, Ms. Nutter understood that UPCI's attorney was aware of her continuing involvement. Ms. Nutter and Nehs also believed that they need not answer at that time, because they "understood" that UPCI would not proceed with the suit before Lesner was served.

[¶ 17.] These facts could have led a reasonably prudent person to a similar understanding. Pepsi Americas was actively defending by use of an adjuster who was attempting to resolve the claim. At the same time, Pepsi Americas was waiting for a crucial co-defendant to be joined before it filed its answer. Under these circumstances, a reasonably prudent person could have believed that they could delay filing their answer. Indeed, the circuit court did not find otherwise. Instead, its analysis only mentioned the fact that UPCI did not misrepresent the proper defendant and that Pepsi Americas could have filed a timely answer. The circuit court erred in not also considering the other facts and circumstances relating to Pepsi Americas' understanding, and then determining whether that "understanding"

was reasonable and therefore excusable neglect.

[¶ 18.] Additionally, the circuit court's reasoning does not reflect that it considered that the judgment was entered as a result of an apparent mistake by both parties. It appears from the record that both parties mistakenly assumed that Pepsi Americas was the proper defendant. UPCI's counsel filed an affidavit in support of its motion for default judgment in which UPCI erroneously asserted "[a]t the time of this incident, Mr. Lesnar [sic] was an employee or agent of *defendant Pepsi Americas* and was driving a truck *owned by such defendant*" (emphasis added). At the same time, Pepsi Americas was negotiating a settlement of the claim as if it were the proper defendant. Until default judgment was entered, it appears that both parties mistakenly assumed that Pepsi Americas was the proper party defendant. Clearly, there was a mutual mistake as to the identity of the employer [5] who could be vicariously liable for the damage allegedly caused by Lesner.

[¶ 19.] Pepsi Americas also asserted other defenses. In that regard, Pepsi Americas filed an affidavit from Lonnie Anderson, manager of Clark Engineering Corporation. Anderson estimated that the damage caused by the delivery truck was only $17,483.07. That estimate was less than one-half of that prayed for in the complaint and awarded by the court. We have held that a discrepancy in damages alone can give rise to "a prima facie showing of a meritorious defense." *Meier*, 2001 SD 103, ¶ 27, 632 N.W.2d at 484. Pepsi

Americas also asserted a colorable contributory negligence defense.

■■■ [¶ 20.] The trial court erred failing to give due consideration to Pepsi America's substantial defenses. "Although the trial court should first consider the degree of defendants' negligence in failing to appear, even a willful default may be excused if defendants' position on the merits is so strong that it would be unjust to affirm the judgment." *Courtyard Partners v. Tanner*, 157 Vt. 638, 595 A.2d 287 (1991) (citing *Wagstaff–El v. Carlton Press Co.*, 913 F.2d 56, 57 (2nd Cir.1990)). Here, Pepsi Americas' showing established that it was precluded from presenting what appear to be substantial defenses relating to the proper parties, contributory negligence and damages. If the default judgment were not set aside, Pepsi Americas would likely be forced to pay a disputed award for which it was apparently not liable.

■■■ [¶ 21.] In considering SDCL 15–6–60(b) motions, we finally note that courts should consider whether vacating a default judgment would prejudice the non-moving party. *Hermsen*, 1997 SD 138, ¶ 11, 572 N.W.2d at 838–839 (further citations omitted). In this case, Pepsi Americas' was only twenty-four days late in filing its answer. Upon receiving UPCI's motion for a default judgment, Pepsi Americas promptly retained counsel, resisted the motion for default judgment, and attempted to answer the complaint. Following entry of the default judgment, Pepsi Americas' counsel investigated the facts and promptly sought relief from the judg-

---

**5.** Even if there was some relationship between Pepsi Americas and Pepsi–Cola Bottling Co. of Aberdeen, LLC, Pepsi Americas argues that it was not liable for the acts of a limited liability company. SDCL 47–34A–303(a) provides some limited liability:

> Except as otherwise provided in subsection (c), the debts, obligations, and liabilities of

a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

ment. These facts do not disclose, and we have not been directed to any record evidence that reflects, that these delays caused prejudice to UPCI.

[¶ 22.] Under these circumstances "cases should ordinarily be decided on their merits, [and] elementary fairness demands of courts a tolerant exercise of discretion in evaluating excusable neglect." *Roso,* 1997 SD 82, ¶ 12, 566 N.W.2d at 141 (further citations omitted). Moreover, courts must insure "that justice be done in light of all the facts," *Colton Lumber Co.,* 2002 SD 116, ¶ 10, 651 N.W.2d at 874. Considering all of the facts relating to excusable neglect, mistake, the substantial defenses and the lack of prejudice, we conclude that the need to decide this case on the merits significantly outweighs any negligible effect this decision will have on the sanctity of the final judgment.

[¶ 23.] We therefore reverse.

[¶ 24.] GILBERTSON, Chief Justice, and KONENKAMP, Justice, and AMUNDSON, Retired Justice, concur.

[¶ 25.] SABERS, Justice, concurs specially.

[¶ 26.] MEIERHENRY, Justice, not having been a member of the Court, at the time this action was submitted to the Court, did not participate.

SABERS, Justice (concurring specially).

[¶ 27.] I agree that the default judgment should be vacated based on excusable neglect. It should have been vacated by the trial court without the time, trouble and expense of an appeal. In fact, this default judgment should not have been granted in the first place because:

1. The summons and complaint did not name the proper party defendant, Pepsi–Cola Bottling Co. of Aberdeen.

2. The admission of service was not signed by a proper person to receive service of process. SDCL 15–6–4(d)(2) (providing that if the action is against a foreign private corporation, service shall be "on the president or other head of the corporation, secretary, cashier, treasurer, a director or managing agent thereof").

3. There was no testimony under oath by competent witnesses as to damages. See *Meier v. McCord,* 2001 SD 103, ¶ 13, 632 N.W.2d 477, 484 (stating that although the trial court has discretion under SDCL 15–6–55(b) whether to conduct hearings to determine the amount of damages, when there is little evidence presented regarding damages, such hearing is advisable).

4. The correct defendant had a valid defense to liability and damages.