#23749-a-SLZ

**2006 SD 48**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

MARY C. LOWE,                                    Plaintiff and Appellant,

    v.

KARL M. SCHWARTZ,                          Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
WALWORTH COUNTY, SOUTH DAKOTA

* * * *

HONORABLE SCOTT P. MYREN
Judge

* * * *

CLARK J. BORMANN of
Bormann & Myerchin, LLP                   Attorneys for plaintiff
Bismarck, North Dakota                       and appellant.

KARL M. SCHWARTZ
Sikeston, Missouri                                 Pro Se appellee.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 13, 2006

OPINION FILED **06/07/06**

ZINTER, Justice

[¶1.]     Mary C. Lowe failed to appeal from a final judgment and decree of divorce. Instead, she moved to vacate and modify the judgment under SDCL 15-6-60(b). The trial court denied the motion. We affirm.

**Facts and Procedural History**

[¶2.]     Lowe and Karl M. Schwartz were married on August 23, 1997. At the time of the marriage, Lowe was a business consultant, and Schwartz was a member of the Coast Guard. Their 1997 federal income tax return reported that Lowe made $101,093 and that Schwartz had wages of $28,019.

[¶3.]     In April 1998, approximately seven months after the marriage, Schwartz retired from the Coast Guard and began to receive monthly retirement benefits. After Schwartz's retirement, Lowe's income paid the vast majority of the household expenses. However, in June 2000, Lowe suffered a heart attack and was diagnosed with arteriosclerotic cardiovascular disease. Because of the stress of her job, Lowe was unable to continue working as a business consultant earning a substantial income.

[¶4.]     Prior to Lowe's diagnosis, the marital relationship had begun to deteriorate. Although Lowe and Schwartz attended counseling, they were unable to rehabilitate the marriage. In August 2003, Lowe filed for divorce alleging extreme cruelty and neglect.

[¶5.]     At trial, it was established that after her illness, Lowe became self-employed, selling "beanie babies and beads" over the Internet. It was also established that during the course of the marriage Lowe's net worth declined from

$365,000 to $80,000. In comparison, Schwartz entered the marriage with virtually no assets and left the marriage with relatively little except his retirement. At the time of the divorce, he was earning between $2,200 and $2,500 per month as a truck driver. He was also receiving $1,359 per month from his Coast Guard retirement.

[¶6.]     After considering the circumstances of the parties, the trial court granted the divorce on the grounds of extreme cruelty, divided the marital assets, and awarded Lowe alimony in the amount of $135 per month. The trial court requested that Lowe's attorney prepare conforming findings of fact and conclusions of law. When Lowe's attorney failed to prepare them, Schwartz's attorney prepared proposed findings and conclusions. The trial court's ultimate findings, conclusions, and judgment ordered that: 1) Lowe was entitled to alimony in the amount of $135 per month from Schwartz's retirement benefit; 2) the $135 was to be used for Coast Guard survivor medical benefits (insurance); however, Schwartz was not entitled to any of the Coast Guard former spouse protection annuity; 3) Schwartz was to cooperate in completing the paperwork necessary to convert the Coast Guard "survivor benefit plan" to a "former spouse protection" plan for medical benefits only; 4) in the event Lowe was not eligible to receive the Coast Guard survivor medical benefits, Schwartz was not obligated to provide any alternative insurance or other monetary payment other than the $135; 5) Lowe was to satisfy a $4,300

judgment she had previously obtained against Schwartz;[1] and 6) any of Schwartz's

property that was subject to execution under the judgment was to be released.

[¶7.]     Lowe did not object to the trial court's findings of fact and conclusions

of law, and she did not appeal the trial court's final judgment.  Instead, Lowe filed a

motion to vacate and modify the judgment under SDCL 15-6-60(b).  The trial court

denied Lowe's motion.  Lowe appeals, raising the following issues:

> 1)  Whether Lowe was entitled to relief from the judgment on
>     the ground that the value of Schwartz's retirement plan was
>     not considered a marital asset.
> 2)  Whether Lowe was entitled to relief from the judgment on
>     the ground that there was insufficient evidence to support
>     the trial court's findings of fact and conclusions of law.

**Analysis and Decision**

[¶8.]     "The decision to grant or deny a motion under SDCL 15-6-60(b) rests

with the sound discretion of the trial court and will not be disturbed on appeal

unless there has been an abuse of discretion."  Walsh v. Larsen, 2005 SD 104, ¶6,

705 NW2d 638, 641 (quoting Porter v. Porter, 1996 SD 6, ¶4, 542 NW2d 448, 449

(citing Hrachovec v. Kaarup, 516 NW2d 309, 311 (SD 1994))).

*Rule 60(b)*

[¶9.]     Lowe's motion alleges that Schwartz's retirement plan was not

considered a marital asset and that there was insufficient evidence to support some

of the trial court's findings of fact and conclusions of law.  Before considering these

underlying arguments, we must address the availability of Rule 60(b) relief.  In

---

1.     Lowe had Schwartz sign a promissory note for money she loaned him
       for a down payment on a motorcycle.  On July 10, 2001, Lowe received
       a judgment against Schwartz for the entire amount of the note.

considering the availability of Rule 60(b) relief, we note that each of Lowe's underlying arguments could have been raised on a direct appeal. Lowe, however, did not appeal. Instead, she sought the "extraordinary remedy" of Rule 60(b) relief. *See* People *ex rel.* D.G., 2004 SD 54, ¶7, 679 NW2d 497, 500.

[¶10.]     Rule 60(b), however, "is not a substitute for an appeal. It does not allow relitigation of issues that have been resolved by the judgment. Instead it refers to some change in conditions that makes continued enforcement inequitable." Sjomeling v. Stuber, 2000 SD 103, ¶14, 615 NW2d 613, 616 (quoting 11 Charles A. Wright et al., *Federal Practice and Procedure* § 2863 (2d ed 1995)). *See also* United States v. Young, 806 F2d 805, 806 (8thCir 1986) ("Rule 60(b) is not available as a substitute for appeal."). Therefore, "[a]n appeal from a Rule 60(b) decision does not bring the original judgment up for review, but only the decision on the request for relief from the judgment under Rule 60(b)." Chester v. St. Louis Hous. Auth., 820 F2d 259, 260 (8thCir 1987) (quoting Fox v. Brewer, 620 F2d 177, 179-80 (8thCir 1980)).

[¶11.]     Lowe's motion was premised on SDCL 15-6-60(b)(1), which provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect[.]

The intent of this rule is to "preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done *in light of all the facts*." Action Carrier, Inc. v. United Nat'l Ins. Co., 2005 SD 57, ¶14, 697 NW2d 387, 391 (quoting Upper Plains Contracting Inc. v. Pepsi Americas, 2003 SD 3, ¶16, 656 NW2d 323, 328 (quoting Colton Lumber Co. v.

Siemonsma, 2002 SD 116, ¶10, 651 NW2d 871, 874)). "The trial court should exercise its discretion liberally in accordance with legal and equitable principles so as to promote the ends of justice." Elliott v. Cartwright, 1998 SD 53, ¶7, 580 NW2d 603, 604 (citations omitted).

[¶12.]    However, unlike most Rule 60(b)(1) cases, this case was tried on the merits. In fact, the trial court entered the judgment only after both parties retained counsel, engaged in discovery, and completed a trial on the same issues raised in the motion. Therefore, this judgment was obtained after considering the facts. Thus, the necessity for a liberal exercise of discretion was diminished, making Lowe's burden of establishing an abuse of discretion more difficult. As the Eighth Circuit Court of Appeals has observed "[t]here is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits." MIF Realty L.P. v. Rochester Assocs., 92 F3d 752, 756 (8thCir 1996) (citing 11 Charles A. Wright et al., *Federal Practice and Procedure* § 2857, at 257-58.

[¶13.]    Furthermore, it must be emphasized that all of Lowe's arguments with the trial court's judgment arise from Lowe's failure to prove her case or prevail on arguments that either were or could have been raised at trial. As a result, Lowe's Rule 60(b) motion is seeking to correct alleged mistakes of the trial court that occurred during trial and that resulted in, from Lowe's perspective, an unsatisfactory judgment. However, "relief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment." 11 Charles A. Wright et al., *Federal Practice and Procedure* § 2858, at 276. Rather, under Rule 60(b)(1), Lowe

"must make some showing of why [s]he was justified in failing to avoid mistake or inadvertence [at trial]." *Id.* at 276-77. We consider Lowe's motion under this standard.

*1) Vacation of a Final Judgment on the Allegation That a Retirement Plan Was Not Considered a Marital Asset*

[¶14.] Lowe argues that the trial court mistakenly failed to consider Schwartz's retirement plan as a marital asset in making its property award. However, the trial court did consider the retirement plan as a marital asset in dividing the property. On numerous occasions during trial, it was brought to the court's attention that Schwartz was receiving $1,359 per month in retirement benefits. Furthermore, after hearing substantial evidence regarding Schwartz's retirement plan, the court allowed the parties two weeks to provide the court with more information regarding the transferability of the retirement plan. Finally, the trial court actually awarded Lowe a portion of the benefits. The court indicated its award was approximately ten percent of the monthly benefit. Consequently, there was no mistake or neglect because the retirement plan was considered a marital asset and was apportioned between the parties even though the plan and its present value were not apportioned as Lowe now requests.[2] Under the circumstances, Lowe

---

2.    Two additional points need to be made. First, finding of fact twenty-two and conclusion of law six both provided that "[Schwartz] shall pay to [Lowe] permanent alimony in the sum of $135 per month *from [Schwartz's] retired pay*." (Emphasis added.) Consequently, at the hearing on Lowe's motion to vacate the judgment, the trial court stated:

The argument that's been made is that the [c]ourt didn't have the opportunity to consider the value of the retirement fund that was held by Mr. Schwartz, and that is -- I understand the

(continued . . .)

_____
(. . . continued)

      argument that's being made, and I understand where it's coming from, but it's simply not correct.

      The [c]ourt had access to the information. I knew that Mr. Schwartz had a retirement stipend monthly in the amount of $1,359. It is true that it was not ever calculated out at the trial date like it has been done in this motion, where a person calculates out life expectancy and comes up with a total value amount for a lifetime of retirement income, and then reduces it to a present value; but the [c]ourt is certainly aware that that can be done. That wasn't necessary in this case. It wasn't presented by either party. Instead, what the [c]ourt had in its grasp and in the information provided to it was that Mr. Schwartz was receiving a retirement income of $1,359 per month.

      After considering all of the evidence and the arguments presented, including all of the assets that the parties had accumulated and brought into the marriage, the [c]ourt awarded Ms. [L]owe a 10 percent amount of that retirement, and that was $135. . . . I considered the value of his retirement benefit, and there is nothing that's new being presented here today.

Second, at trial, the court questioned counsel why the retirement plan was omitted from Schwartz's financial statement stating: "When I look at his financial statement I don't see listed on assets his Coast Guard retirement." Schwartz's attorney responded with the argument that the retirement plan had little cash value:

      That's because it's not worth anything to him cash value right now. He can't go take $10,000.00 out of it right now. He gets a monthly payment on that like social security. So that's why it's not listed here.

      I can't tell you his Coast Guard retirement is worth $80,000.00. If he dies tomorrow, it's not worth anything. That's why we don't have that listed on assets, it's just a monthly payment he gets.

Although this explanation would not, in and of itself, have been sufficient to exclude the retirement plan as a marital asset, this exchange clearly shows that Lowe and the court were aware of Schwartz's retirement plan and the fact that it was not listed on his financial statement. At this point, Lowe had the opportunity to object to the omission, argue that it was a marital asset subject to division, and present evidence regarding its present value based on life expectancy. Lowe, however, failed to pursue these matters at trial.

(continued . . .)

has failed to demonstrate the mistake or excusable neglect necessary for Rule 60(b)(1) relief.

*2) Vacation of a Final Judgment on the Allegation That the Trial Evidence was Insufficient to Support the Trial Court's Findings of Fact and Conclusions of Law*

[¶15.] Lowe also argues that there was insufficient evidence to support the trial court's findings of fact and conclusions of law determining that: 1) Lowe should be denied survivor annuity benefits; 2) Lowe agreed to satisfying the money judgment she had against Schwartz if she received any property or alimony; and 3) Lowe agreed to release Schwartz's property that was subject to execution under the judgment.

[¶16.] In analyzing this issue, it must be noted that Lowe did not object to these findings of fact and conclusions of law. Consequently, although Lowe had the opportunity to address the sufficiency of the evidence, she neglected to avail herself of the opportunity to bring her arguments to the court's attention at trial. That failure precludes Rule 60(b) relief. *See* 11 Charles A. Wright et al., *Federal Practice and Procedure* § 2858, at 279-80 (providing a collection of analogous cases that indicate relief has been denied based on an attorney's omission in "failing to read a proposed settlement, losing track of time, or when the oversight was due to the 'demands of being a busy lawyer'") (citing *In re* Four Seasons Secs. Laws Litig., 502 F2d 834 (10thCir 1974) (failing to read a proposed settlement); Lomas & Nettleton

---

(. . . continued)

And, on her Rule 60(b)(1) motion, she did not explain why she was justified in failing to do so. Therefore, she failed to establish mistake or excusable neglect even if the retirement plan had not been considered as a marital asset.

Co. v. Wiseley, 884 F2d 965 (7thCir 1989) (losing track of time); Lepkowski v. US Dep't of Treasury, 804 F2d 1310 (DCCir 1986) (demands of busy lawyer)). "[C]ourts have[, however,] held that [a] party should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." *Id.* at 272-73. But, in this case, Lowe was not deprived of the opportunity to present the merits of her current claims. Moreover, she has not made any showing of justification or excuse for her trial counsel's[3] failure to submit proposed findings and conclusions or objections to Schwartz's proposed findings. Having failed to object to the court's findings at trial, and having made no showing of justification or excuse for this omission, Lowe's collateral attack on the sufficiency of the evidence fails.

[¶17.]     In sum, Lowe failed to exercise her opportunity to litigate and appeal the court's division of the retirement plan and the sufficiency of the evidence. Furthermore, she has not demonstrated mistake or excusable neglect. Because Lowe failed to make the requisite Rule 60(b)(1) showing, the trial court correctly denied Lowe's motion.

[¶18.]     Affirmed.

[¶19.]     GILBERTSON, Chief Justice, and KONENKAMP and MEIERHENRY, Justices, concur.

[¶20.]     SABERS, Justice, dissents.

---

3.     Lowe is represented by different counsel on appeal.

#23749

SABERS, Justice (dissenting).

[¶21.]     If the majority opinion has its facts right, the trial court's decision in this case is plain error and we should reverse and remand until it is done right.

1.     Lowe's net worth decreased from $365,000 to $80,000, a total of $285,000 after Schwartz's retirement from the Coast Guard.

2.     Her income went from $101,093 in 1997 to being self-employed, selling "beanie babies and beads" over the internet after her heart attack in June 2000.

3.     The trial court awarded her the grand sum of $135 per month alimony even though Schwartz was earning at least $2,200 per month as a truck driver and collecting $1,359 per month from Coast Guard retirement, a total of $3,559 per month or $42,708 per year.

4.     The $135 per month alimony was only 10 percent of Schwartz's Coast Guard retirement and only 3.79  percent of his total monthly income.

[¶22.]     Maybe this result is the fault of Lowe's trial attorney, as the majority opinion suggests, but the trial court's decision is a total injustice, plain error, and an abuse of discretion and we should have no part of it except to reverse.

[¶23.]     We should reverse and remand for the trial court to do it over until it is done right.