Douglas J. PETERSON and Teresa
Peterson, Plaintiffs and
Appellants,

v.

Robbyn D. La CROIX, now Robbyn D.
Wilson, Defendant and Appellee.

No. 15654.

Supreme Court of South Dakota.

Considered on Briefs Nov. 16, 1987.

Decided Feb. 24, 1988.

Kathleen Caldwell, Sioux Falls, for plaintiffs and appellants.

Douglas Cummings, Sioux Falls, for defendant and appellee.

MORGAN, Justice.

Doug Peterson and Teresa Peterson (Petersons), plaintiffs and appellants, appeal from an order vacating judgment against Robbyn LaCroix Wilson (Wilson), defendant and appellee. We reverse and remand.

Petersons commenced an action against Wilson and other defendants for breach of express warranty, fraud, and negligence arising out of the purchase by Petersons of Wilson's Sioux Falls residence. Wilson was personally served with a summons and complaint at her home in Ottawa, Canada. All other defendants were either dismissed from the suit or settled prior to trial. Wilson informally answered the complaint by letter, wherein she stated that the suit was "absolutely crazy," no deceptions were involved, she never had any problems with the plumbing or electrical wiring, she suggested "you all just forget this nonsense or do it without my help" and finally that she was willing to cooperate but did not have money for a lawyer or transportation.

The remaining pleadings in the action, some eighteen in all, were mailed by the various attorneys to Wilson at her home in Canada. Wilson denies receiving any of these pleadings, including the notice of trial and notice of entry of judgment. As an answer had been filed, trial was had on the merits without the presence of Wilson or legal representation on her behalf. Judgment against Wilson and in favor of Petersons was entered for damages and attorney fees totaling $9,780.57, plus $72,000 in punitive damages. Judgment was grounded in fraud.

When Petersons attempted to execute on the judgment in Canada, they discovered Wilson had moved to Florida. Petersons then began an action in Florida to have a foreign judgment domesticated for collection purposes. Service was first attempted by mail on July 11, 1986. As no response was received, personal service was obtained on August 11, 1986. In the meantime, Wilson sought South Dakota counsel and filed a motion for relief from judgment on grounds of insufficient service and excusable neglect. SDCL 15–6–60(b)(1).* This motion was dated July 31, 1986, and filed in Minnehaha County the same day Wilson was personally served with the Florida summons and complaint.

The trial court instructed counsel to brief the issue of sufficiency of service by mail and found that mail service to Wilson of pleadings subsequent to the summons and complaint was sufficient. The trial court then permitted a hearing on the issue of excusable neglect. Even though the court had already ruled that mail service was sufficient, the majority of evidence introduced at the excusable neglect hearing consisted of testimony relating to mail service. It was evidently Wilson's position that even though mail service is sufficient notice, in the abstract, failure to receive such notice is grounds to set aside a judgment. SDCL 15–6–5(b) states that service by mail is complete upon mailing and that an attorney's certificate of service is sufficient proof of service. We do not believe that this case turns on receipt of mailings for reasons that will become evident.

■■■ The purpose of Rule 60(b) is "to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts." *Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir.1984) (citations omitted). The decision to grant or deny a Rule 60(b) motion rests within the sound discretion of the trial court and will not be disturbed on appeal except for abuse. *Matter of T.M.B.,* 416 N.W.2d 260 (S.D. 1987); *Haggar v. Olfert,* 387 N.W.2d 45 (S.D.1986); *Rogers v. Rogers,* 351 N.W.2d 129 (S.D.1984). A party seeking to have a judgment vacated under SDCL 15–6–60(b)(1) must meet two requirements. The applicant must show (1) the excusable neglect, and (2) a probable meritorious defense. *Eby v. Misar,* 345 N.W.2d 381 (S.D. 1984); *Pettigrew v. City of Sioux Falls,* 5 S.D. 646, 60 N.W. 27 (1894).

As to the first requirement, excusable neglect, we have held in the past that a judgment will not be vacated unless the circumstances are exceptional. *T.M.B., supra; Haggar, supra; Fisk v. Hicks,* 29 S.D. 399, 137 N.W. 424 (1912); *Rosebud Sioux Tribe, supra.* The second prong to be shown by a defendant is a meritorious defense to the action. *Eby, supra; National Surety Corp. v. Shoemaker,* 86 S.D. 302, 195 N.W.2d 134 (1972); *Jones v. Johnson,* 54 S.D. 149, 222 N.W. 688 (1928). In *Eby,* we said that a party seeking relief from a judgment "must present *facts* either by answer or affidavit from which it could be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief." 345 N.W.2d at 383 (emphasis added).

■■■ Excusable neglect must be neglect of a nature that would cause a rea-

---

* SDCL 15–6–60(b)(1) reads:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

 (1) Mistake, inadvertence, surprise, or excusable neglect[.]

sonably prudent person under similar circumstances to act similarly. *Eby, supra; Shoemaker, supra; Martin v. Griffin,* 117 Wis.2d 438, 344 N.W.2d 206 (Wis.App. 1984). Wilson knew suit was proceeding without her and as she testified at the hearing she had decided to, in her own words, "let the other four [defendants] battle it out." The court found that she had not taken the suit seriously and we do not find that to be the act of a reasonably prudent person, nor an exceptional circumstance so as to support vacation of the judgment. Wilson was under the jurisdiction of South Dakota law by virtue of her answer to the complaint.

We cannot condone Wilson's lackadaisical attitude toward a $100,000 lawsuit. Further, we will not reward a defendant who lies in the weeds allowing the other defendants to "battle it out." These expressed attitudes negate any assertions on defendant's part of excusable neglect. Additionally, this record does not support vacation on the basis of the second prong of the test.

 The judgment herein was rendered after a trial on the merits wherein the trial court determined Wilson had perpetrated fraud upon Petersons. In her motion it was incumbent on Wilson to offer a defense to the allegations of fraud. Although it is sufficient that the defense only rise to a prima facie level, we require more than bare assertions raised in pleadings. Wilson offered no facts to support her allegation that she had not defrauded Petersons. We hold, as a matter of law, that Wilson did not meet her burden with respect to excusable neglect and a meritorious defense. Therefore it was an abuse of discretion for the trial court to vacate the judgment and grant a new trial.

The order of vacation appealed from is reversed and the case is remanded with direction to the trial court to reinstate the original judgment.

All the Justices concur.