2003 SD 122

**SUNFLOUR RAILROAD, INC.,**
**Plaintiff and Appellee,**

v.

**Eugene PAULSON, and Heartland Organic Foods, Inc., a South Dakota Corporation, Defendants and Appellants.**

**No. 22642.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 25, 2003.

Decided Oct. 1, 2003.

3. The renewals represented 59% of total receipts in 1999, 76% in 2000 and 85% in 2001.

Jeffrey T. Sveen, Julia M. Dvorak of Siegel, Barnett and Schutz, L.L.P., Aberdeen, South Dakota, Attorneys for plaintiff and appellee.

Eugene Paulson, Heartland Organic Foods, Inc., Rosholt, South Dakota, Pro se.

SABERS, Justice.

[¶ 1.] Eugene Paulson (Paulson), acting pro se on behalf of himself and Heartland Organic Foods, Inc. (Heartland), appeals from a judgment entered against Paulson and Heartland. Paulson and Heartland also appeal the dismissal of their counterclaim against Sunflour Railroad, Inc. (Sunflour).

## FACTS

[¶ 2.] Paulson and Heartland own property adjacent to a railroad right-of-way. Paulson and Heartland's grain elevator encroaches on the right-of-way. Prior to July 2000, Soo Line Railroad owned the right-of way. Paulson and Soo Line had a lease agreement that allowed Paulson and Heartland to leave the elevator on the right-of-way. In July 2000, Sunflour purchased the right-of-way via Quit–Claim Deed. On March 16, 2001, Sunflour notified Paulson and Heartland that the lease with Soo Line was not binding upon Sunflour and that the elevator must be removed. Sunflour informed Paulson and Heartland that until the elevator was removed, Sunflour would charge $500 per month rent. Paulson and Heartland refused to remove the elevator or pay rent and Sunflour brought suit to force removal and payment of damages plus pre-judgment interest in connection with rent.

[¶ 3.] Paulson and Heartland brought a counterclaim alleging that Sunflour owed rent of $500 per month because Sunflour was using a siding track that encroached on their property.

[¶ 4.] The trial court entered judgment in favor of Sunflour for $9,000 for rent plus pre-judgment interest and ordered Paulson and Heartland to remove their elevator from Sunflour's property.[1] The trial

---

1. Because the record available for our review assumes joint ownership and joint liability,

court found that it did not have jurisdiction to enter a judgment in favor of Paulson and Heartland on the counterclaim for the reasons stated in Issue 2.

[¶ 5.] Paulson and Heartland raise several issues on appeal. Because our standard of review for this case has been significantly restricted by the state of the record, we present the issues as:

1. Whether the circuit court's findings supported the judgment against Paulson and Heartland.
2. Whether the circuit court's findings supported dismissal of the Defendants' counterclaim for lack of jurisdiction.
3. Whether Sunflour and its attorney committed fraud by raising the issue of federal preemption and by attempting to enforce the circuit court's judgment.

The circuit court is affirmed on Issue 1, reversed on Issue 2 and we decline to reach Issue 3.

**STANDARD OF REVIEW**

 [¶ 6.] Paulson failed to order a transcript of the circuit court proceedings. It is well settled that the appellant bears the responsibility of presenting an adequate record on appeal. *Specialty Mills, Inc. v. Citizens State Bank*, 1997 SD 7, ¶ 16, 558 N.W.2d 617, 623, n.6 (citing *Baltodano v. North Cent. Health Serv., Inc.*, 508 N.W.2d 892, 894–95 (S.D.1993)). By failing to order the transcript in a timely manner, the appellant waives the right to a transcript. *Id.* Where the record contains no transcript, the record on appeal is confined to those pleadings and papers transmitted from the circuit court. *Selway Homeowners Association v. Cummings*, 2003 SD 11, ¶ 15, 657 N.W.2d 307, 312

(citing *Baltodano*, 508 N.W.2d at 894). Finally, "[w]hen confronted with incomplete records, our presumption is that the circuit court acted properly." *Specialty Mills, Inc.*, 1997 SD 7, ¶ 16, 558 N.W.2d at 623, n.6.

 [¶ 7.] Our review is further limited because Paulson also failed to propose findings of fact and conclusions of law and failed to object to Sunflour's proposed findings of fact and conclusions of law. The Court is now "significantly limited 'to the question [ ] whether the findings support the conclusions of law and judgment.'" *Selway Homeowners Association*, 2003 SD 11, ¶ 14, 657 N.W.2d at 312 (quoting *Huth v. Hoffman*, 464 N.W.2d 637, 638 (S.D.1991)).

[¶ 8.] **1. WHETHER THE CIRCUIT COURT'S FINDINGS SUPPORT THE JUDGMENT AGAINST PAULSON AND HEARTLAND.**

 [¶ 9.] As a threshold matter, we note that Paulson has appeared pro se throughout these proceedings on behalf of Heartland and himself. In South Dakota, a director, officer or shareholder of a corporation who is not a licensed attorney is not permitted to appear pro se to represent a corporation. *Wold Family Farms, Inc. v. Heartland Organic Foods, Inc.*, 2003 SD 45, ¶ 27, 661 N.W.2d 719, 726, n.4 (citing *Rosebud Federal Credit Union v. Mathis Implement, Inc.*, 515 N.W.2d 241, 244 (S.D.1994) (Miller, C.J., concurring specially)). Although he was entitled to appear pro se on his own behalf, as an officer and shareholder for Heartland, Paulson should not have been permitted to represent the corporation. Heartland was therefore technically in default for failure to appear. *See* SDCL 15–6–4(a); 15–6–

and Paulson and Heartland argue nothing to the contrary, we assume judgment was prop-

erly entered against both.

55(a); 15–6–55(b). Had Sunflour filed the statutorily mandated notice of default, the circuit court could have entered a default judgment against the corporation. *Id.* Neither the circuit court nor the parties appear to have been aware that Paulson could not represent Heartland, and therefore this issue was not before the circuit court.

[¶ 10.] This Court has not been presented with the question of how to proceed in this scenario. Other courts addressing the issue have refrained from allowing the corporation to benefit from the wrongful representation. *See e.g. Jardine Estates, Inc. v. Koppel,* 24 N.J. 536, 133 A.2d 1 (1957). We agree with this view. Remanding this case or vacating the judgment would permit Heartland and Paulson to re-litigate these issues and would be a waste of judicial resources. Under the facts of this case, we hold that the parties are now bound by the prior proceedings and we will proceed to the merits of the appeal.[2]

[¶ 11.] The circuit court found that Sunflour purchased a railroad right-of-way running through Victor, South Dakota from Soo Line Railway. Soo Line Railway had a lease with Defendants which allowed Defendants' grain elevator to encroach on Soo Line's property. The court found that Sunflour was not bound by that lease and that on March 16, 2001, Sunflour notified Paulson that the elevator had to be removed from the property. Sunflour further advised that until the elevator was removed, Sunflour would charge rent of $500 per month. The court concluded that the notice became effective on May 1, 2001, the first day of the month following thirty days from the notice. *See* SDCL 43–8–8. Having found that Sunfl-

our owned the land, that the elevator was on Sunflour's land, that Sunflour was not bound by the lease between Soo Line and Defendants, and that Paulson and Heartland had notice, the court properly supported its conclusion that Sunflour was entitled to rent and pre-judgment interest.

[¶ 12.] The circuit court also held that damages by way of rent were an inadequate remedy because of the continuing trespass. This supports the court's order that Paulson and Heartland remove the elevator.

[¶ 13.] The trial court is affirmed on Issue 1.

[¶ 14.] **2. WHETHER THE CIRCUIT COURT'S FINDINGS SUPPORTED DISMISSAL OF PAULSON AND HEARTLAND'S COUNTERCLAIM FOR LACK OF JURISDICTION BASED ON THE DOCTRINE OF PREEMPTION.**

[¶ 15.] The trial court concluded that the Surface and Transportation Board (STB) had exclusive jurisdiction over Paulson and Heartland's counterclaim pursuant to 49 U.S.C. § 10501. The statute provides in part that the STB has exclusive jurisdiction over the "construction, acquisition, operation, *abandonment, or discontinuance* of a spur[.]" 49 U.S.C. § 10501(b)(2) (emphasis supplied). Based on its finding that, "Defendant's counterclaim for rent ... if allowed, could force the Plaintiff to abandon its use of a spur[,]" the trial court held that it did not have jurisdiction to entertain the counterclaim.

[¶ 16.] The state of the record, the trial court's findings and the parties' briefs offer no guidance on this issue. Paulson and Heartland offer no applicable authority for

---

2. We urge circuit courts and members of the bar to be aware of this common law rule so that in the future, corporations are adequately represented.

their argument that the trial court erred. Likewise, Sunflour offers only a very general statement of law from one case to support the assertion that the trial court properly found preemption. A review of 49 U.S.C. § 10501 and case law concerning the statute raises questions as to whether the trial court properly found its jurisdiction preempted based on the doctrine of preemption.

■ [¶ 17.] The jurisdiction granted to the STB in 49 U.S.C. § 10501 is both exclusive and preemptive. Courts have consistently held that the preemption clause of subsection (2) has a broad scope. *See e.g. Dakota, Minnesota & Eastern R.R. Corp. v. South Dakota*, 236 F.Supp.2d 989 (2002); *City of Auburn v. United States*, 154 F.3d 1025, 1030 (9th Cir.1998); *Wisconsin Central Ltd. v. City of Marshfield*, 160 F.Supp.2d 1009, 1013 (W.D.Wis. 2000). Despite its breadth, the jurisdiction of the STB does not foreclose every conceivable state claim. It is generally held that the exclusive and preemptive jurisdiction granted to the STB is over attempts to impose economic regulation on rail transportation. *See e.g. Cedarapids, Inc., v. Chicago, Central & Pacific R.Co.*, 265 F.Supp.2d 1005, 1011 (N.D.Iowa 2003). The holdings are supported by the statute, which provides in part that, "the remedies provided under this part *with respect to regulation of rail transportation* are exclusive and preempt the remedies provided under Federal or State law." 49 U.S.C. § 10501(b)(2). Therefore, the question before the court was whether allowing a state law claim for rent, which may or may not lead to abandonment of a track, would constitute "regulation" of the railroad. This question was presumed affirmatively rather than supported or answered specifically in the court's findings of fact and conclusions of law.

■ [¶ 18.] The statute does not define the term "regulate," however, Black's Law dictionary defines it as "the act or process of controlling by rule or restriction." Blacks Law Dictionary 1289 (7th ed. 1999). The court's finding that imposition of rent "could" force Sunflour to "abandon" the track is insufficient to establish that imposition of judgment on a state law claim for rent constitutes "regulation" under 49 U.S.C. § 10501. Having raised the issue of preemption, it was incumbent upon Sunflour to support the assertion. *See e.g. Eldridge v. City of Greenwood*, 331 S.C. 398, 503 S.E.2d 191 (1998) (the party asserting preemption bears the burden of proof). Sunflour failed to meet its burden either here or below. The trial court's single finding on this issue is insufficient to support its conclusion of preemption and therefore the issue must be remanded for the court to make the appropriate findings.

[¶ 19.] The trial court is reversed on Issue 2.

[¶ 20.] **3. WHETHER SUNFLOUR AND ITS ATTORNEY COMMITTED FRAUD BY RAISING THE ISSUE OF FEDERAL PREEMPTION AND BY ATTEMPTING TO ENFORCE THE CIRCUIT COURT'S JUDGMENT.**

■ [¶ 21.] For the first time on appeal, Paulson alleges that Sunflour engaged in fraudulent activity by raising the issue of federal preemption under 49 U.S.C. § 10501(b) at trial and by attempting to enforce the circuit court's judgment. This Court does not decide issues which are raised for the first time on appeal. *Fullmer v. State Farm Ins. Co.*, 514 N.W.2d 861, 866 (S.D.1994) (citing *Hawkins v. Peterson*, 474 N.W.2d 90, 95 (S.D. 1991) (additional citations and quotations omitted)). Therefore, we decline to reach Issue 3.

[¶ 22.] GILBERTSON, Chief Justice,
and KONENKAMP, ZINTER, and
MEIERHENRY, Justices, concur.