2004 SD 49

**Bret M. ESTES, Plaintiff and Appellee,**

v.

**ASHLEY HOSPITALITY, INC., A South Dakota corporation, and John Ashley, individually, Defendants and Appellants.**

No. 22823.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 2004.

Decided April 14, 2004.

Michael V. Wheeler of DeMersseman, Jensen, Christianson, Stanton & Huffman, Rapid City, South Dakota, Attorneys for plaintiff and appellee.

George J. Nelson, Rapid City, South Dakota, Attorney for defendants and appellants.

MEIERHENRY, Justice.

[¶ 1.] The defendants, John Ashley and Ashley Hospitality, Inc. claim that a letter sent to the plaintiff's attorney in response to a Summons and Complaint constituted an Answer sufficient to withstand a default judgment, or in the alternative, that the Default Judgment should be set aside because of excusable neglect. We affirm.

## FACTS

[¶ 2.] Brett Estes sued Ashley and Ashley Hospitality for defaulting on a $50,000 promissory note.[1] Ashley formally served a letter on October 24, 2002 on Estes' attorney. The letter indicated that the defendants were trying to get an attor-

---

1. John Ashley is the President of Ashley Hospitality, Inc.

ney and dispute the claim. Ashley's letter to Estes is as follows:

October 24, 2002

To Whom it may concern,

Due to the nature of this law suit, I have been unable to find legal representation yet. I wish to retain all legal rights to obtain appropriate legal representation. I am currently in contact with an attorney from Sioux Falls, SD. That attorney will give me a[sic] answer by November 1st, 2002 if his law firm is going to represent me. Since I do not have legal representation at this time, I am personally responding to the complaint by Brett Estes.

I was told by local government officials that it is not legally permissable [sic] to lease a liquor license. You may also check into this matter with the city attorney. Since the original contract I signed was not legally valid, I wish to seek a court date on this matter.

None of the payments that I made over the years in regards to this liquor license ever went to the principal. This fact alone shows that this liquor license was being leased. Therefore, I feel this law suit does not have merit.

Respectfully,

John Ashley

[¶ 3.] Estes filed a motion for default judgment on November 7, 2002. Ashley Hospitality and Ashley do not dispute they had actual notice of the default hearing.[2] Neither Ashley nor Ashley Hospitality made an appearance at the hearing. The trial court entered a default judgment. Less than ten days after the entry of default, Ashley hired legal counsel and filed a Motion to Vacate. The trial court

denied the Motion. Defendants raise the following issues on appeal:

## ISSUES

I. Whether the default judgment is void for not meeting the requirements of SDCL 15–6–55(a) in that Ashley's letter to plaintiff's counsel constituted an answer.

II. Whether the trial court abused its discretion by denying Ashley and Ashley Hospitality's motion to vacate the default judgment.

## STANDARD OF REVIEW

[¶ 4.] The "grant or denial of relief from a default judgment" is reviewed under an abuse of discretion standard. *Upper Plains Contracting Inc. v. Pepsi Americas*, 2003 SD 3, ¶ 11, 656 N.W.2d 323, 327. " 'The trial courts discretion is to be exercised liberally in accord with legal and equitable principles in order to promote the ends of justice.' " *Id.* (quoting *Smith v. Hermsen*, 1997 SD 138, ¶ 8, 572 N.W.2d 835, 838). "A default judgment is an extreme remedy and should only be granted when 'the adversary process has been halted because of an essentially unresponsive party.' " *Id.* at ¶ 12 (quoting *Roso v. Henning*, 1997 SD 82, ¶ 8, 566 N.W.2d 136, 140). " 'Default judgments are not favored in the courts since their effect is to prevent a trial on the merits.' " *Id.* (quoting *Colton Lumber Co. v. Siemonsma*, 2002 SD 116, ¶ 9, 651 N.W.2d 871, 874).

I. Whether the default judgment is void for not meeting the requirements of SDCL 15–6–55(a) in that Ashley's letter to plaintiff's counsel constituted an answer.

---

2. Appellants claim they were served on November 15. Estes claims the notice of the hearing date was served by mail on November 6 and personally served on November 13, 2002.

[¶ 5.] Ashley and Ashley Hospitality contend that the statutory requirements in SDCL 15–6–55(a) were not met because the supporting affidavit erroneously stated that the nonmoving party had not pleaded or otherwise defended against the lawsuit. SDCL 15–6–55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by this chapter that fact shall be made to appear by affidavit." *Id.* Ashley claims that the letter sent to Estes' lawyer met the legal requirements of an answer thereby precluding default judgment.

[¶ 6.] We note initially that this letter was written by John Ashley personally without any reference to Ashley Hospitality, Inc. Persons who are not licensed attorneys may not represent corporations pro se. *Sunflour R.R., Inc. v. Paulson,* 2003 SD 122, ¶ 9, 670 N.W.2d 518, 521 (citations omitted). John Ashley is not a licensed attorney. Therefore the letter, even if construed as an answer, would only be on John Ashley's behalf, not the corporation's.

[¶ 7.] Ashley argues that the letter serves as an answer because the letter (1) was served upon Estes' counsel by a formal process server, (2) was timely served within 30 days of receiving the Summons and Complaint, (3) was signed and the address stated in accordance with SDCL 15–6–11(a), (4) clearly indicated it was a response, (5) generally denied the claim, (6) specifically asserted an affirmative defense, and (7) although not filed with the court, was constructively filed as an attachment to plaintiff's motion for default judgment.

[¶ 8.] Although the content of Ashley's letter responded to Estes' Complaint, Ashley did not formally file the letter or any other documents with the court. SDCL 15–6–5(d) requires that all pleadings are to be filed with the court:

> The original of all papers, excluding briefs or memorandums of law thereof, served upon a party or presented to any court or judge in support of any application or motion and including the summons, all pleadings, notices, demands, offers, stipulations, affidavits, written motions and orders shall, if not filed before service, be *filed with the court,* together with proof of such service, forthwith upon such service. The foregoing requirement of filing applies to the notice of filing of an order and the notice of entry of a judgment together with proof of service thereof, both of which shall be filed forthwith; if not filed within ten days after service thereof, the time of service shall be deemed to be the date of filing of the notice and proof of service.

*Id.* (emphasis added).

[¶ 9.] In order to meet the requirement of being "filed with the court," a party must file the pleadings with the clerk of the court or with the judge, if permitted. The statute provides:

> The filing of pleadings and other papers with the court as required by this chapter shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

SDCL 15–6–5(e).

[¶ 10.] Neither Ashley nor Ashley Hospitality filed an answer with the clerk of court or with the judge. Since the letter was not filed, it does not constitute a formal answer. It does, however, constitute an appearance. When a party indicates an appearance but has not formally filed an answer, the default statutes require that the party receive "written notice

of the application for judgment." SDCL 15–6–55(b)(1). The statute provides in part:

> If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.

*Id.* Estes appropriately attached Ashley's letter pursuant to SDCL 15–6–55(b) to his motion for default judgment in order to apprise the court of Ashley and Ashley Hospitality's appearance. Estes also served Ashley with a written notice of his intent to take a default judgment. Ashley admits receiving notice of the hearing. Nevertheless, Ashley failed to appear at the hearing personally or by representative. The trial court granted Estes' motion and entered a judgment against the defendants.

[¶ 11.] Because the letter was not formally filed and because Ashley did not appear at the motion hearing, the trial court did not err in granting the default judgment. A party's intention to defend against a lawsuit must be made clear to the court as well as opposing counsel. If the answer had been filed with the clerk of court, the court file would have clearly indicated the defendants' intent to defend against the claim. If the defendants had appeared at the hearing, the court would also have known of their intention. Here the defendants did neither. Ashley's claim that the default judgment is void is without merit.

II. Whether the trial court abused its discretion by denying Ashley and Ashley Hospitality's motion to vacate the default judgment.

[¶ 12.] The law allows a court to set aside a default judgment under certain circumstances. SDCL 15–6–60(b). The statute provides in part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (4) The judgment is void;
>
> . . .

*Id.* As previously discussed, the default judgment is not void. Therefore, defendants have no claim for relief based upon the reason that "[t]he judgment is void." *Id.* The trial court's refusal to set aside the judgment under this provision of the statute was not an abuse of discretion.

[¶ 13.] In the alternative, Defendants argue that under SDCL 15–6–60(b)(1) the court may grant them relief. This is true if the party " '(1) acted with excusable neglect and (2) had a meritorious defense.' " *Upper Plains Contracting, Inc.*, 2003 SD 3 at ¶ 13, 656 N.W.2d at 327 (quoting *Hermsen*, 1997 SD 138 at ¶ 10, 572 N.W.2d at 838). " 'Excusable neglect must be neglect of a nature that would cause a reasonably prudent person under similar circumstances to act similarly.' " *Id.* (citing *Peterson v. LaCroix*, 420 N.W.2d 18, 19–20 (S.D.1988)). " 'The term excusable neglect has no fixed meaning and is to be interpreted liberally to insure that cases are heard and tried on the merits.' " *Id.* (citing *Eby v. Misar*, 345 N.W.2d 381, 383 (S.D.1984)). Ashley had the burden of bringing forth evidence to support his claims.

[¶ 14.] First, Ashley contends that he believed that his letter sufficed as an answer and precluded Estes from obtaining a default judgment. Second, his excuse for not appearing at the hearing was that he had a hearing in a different matter, which his wife felt he needed to

attend. Ashley admits to receiving notice of the default hearing but faults Estes for not contacting him for a mutually agreeable hearing time. The trial court rejected Ashley's excuse. The judge explained his reasoning at the conclusion of the hearing as follows:

> [Ashley] was fully aware of his obligations, received legal service of the proceedings in this case, never proceeded to file an Answer although he submitted a document which does not comport to an Answer, nor was it filed with the Court. It was a document which expressed an intention of future action but didnt stand as an Answer to the Complaint. It advised that he would be contacting a lawyer because he believed he had some defenses available. That is inadequate. The excuse that he was otherwise engaged on the particular time in question is inadequate in light of the fact that he could easily have made efforts to contact counsel, get it rescheduled, talk to the Court, talk to opposing counsel, make some efforts to avoid the activity that would occur with the default judgment hearing which he had notice of; he failed to respond to that as well as the original Complaint in any substantive fashion.

The record indicates that the trial court considered Ashley's excuses and found them without merit. Ashley's response or lack thereof is not that of a "reasonably prudent person under similar circumstances." *Upper Plains Contracting, Inc.*, 2003 SD 3 at ¶ 13, 656 N.W.2d at 327 (quoing *Hermsen*, 1997 SD 138 at ¶ 10). We cannot say that the trial court abused its discretion.

[¶ 15.] In denying Ashley's Motion to Vacate, the trial court also determined Ashley had not shown a meritorious defense. Ashley claims affirmative defenses of illegality and lack of consideration for the promissory note and underlying agreement. In order to prevail, Ashley must make a prima facie showing "that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief." *Hermsen*, 1997 SD 138 at ¶ 13, 572 N.W.2d at 839. Ashley " 'must present facts either by answer or affidavit from which it could be inferred that upon a trial he would be entitled to a judgment more favorable to himself than the judgment from which he is seeking relief.' " *Hrachovec v. Kaarup*, 516 N.W.2d 309, 311 (S.D.1994) (citing *Eby*, 345 N.W.2d at 383. *See Pettigrew v. City of Sioux Falls*, 5 S.D. 646, 60 N.W. 27 (1894); *Peterson*, 420 N.W.2d at 19.)

[¶ 16.] The facts surrounding the underlying action began with Ashley Hospitality's purchase of a liquor license from Estes for the purchase price of $180,000 on October 1, 2000. The seller-financed purchase required Ashley Hospitality to pay Estes a $2,500 interest payment each month until June 1, 2001 at which time a balloon payment of $180,000 was to be paid. Estes retained a security interest in the license. Financial difficulties of Ashley Hospitality prompted renegotiations on June 1, 2001. The parties renegotiated an "Extension Agreement" wherein Ashley personally guaranteed and signed a promissory note for $200,000. Subsequently Ashley faced criminal charges that placed the license in jeopardy. Estes sought to foreclose his security interest under the provisions of the security agreement. The parties entered into a settlement agreement wherein the liquor license returned to Estes. Additionally, Ashley personally guaranteed a promissory note to Estes in the amount of $50,000—according to Estes this amount represented the deficiency had Estes foreclosed under the security agreement. Ashley claims the original agreement requiring a monthly interest-only payment amounted to a lease of a liquor

license and was illegal, or at least against public policy. Ashley further claims that he received no consideration for the promissory note executed as part of the settlement agreement.

[¶ 17.] Ashley cites no authority in support of his claim that the interest-only monthly payments constitute a lease under the law nor does he cite authority that under these circumstances the contract would be illegal. We have previously held "that our laws allow a creditor to take a security interest in a licensee's liquor license as it is property between those two parties." *Rushmore State Bank v. Kurylas, Inc.*, 424 N.W.2d 649, 655 (S.D.1988) (citations omitted). Further, Ashley's claim of lack of consideration for the settlement agreement is contradicted by the document language. The settlement agreement between Ashley and Estes clearly recites that Ashley Hospitality was in default and the reconveyance of the license and promissory note for $50,000 satisfied all obligations of Ashley Hospitality to Estes. The agreement stated: "Ashley Hospitality and John Ashley shall have no further obligation to Bret Estes except as to payment of the [$50,000] promissory note ..." Ashley's argument centers on his perceived disparity of the bargain in that Estes received the liquor license, the interest payments of $55,000 plus the promissory note of $50,000. In hindsight, Ashley claims his circumstances forced him into making a bad bargain. The trial court in reviewing the evidence found the notes and agreements to be valid and legal instruments and that Ashley had failed to raise any substantive defenses. Ashley failed to make a prima facie showing that he would receive a more favorable judgment than the default judgment.

[¶ 18.] Under this set of facts, we cannot conclude the trial court abused its discretion in either entering the default judgment or denying the motion to vacate.

[¶ 19.] Affirmed.

[¶ 20.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concur.

[¶ 21.] SABERS, Justice, concurs in result.

SABERS, Justice (concurring in result).

[¶ 22.] I concur in result because Ashley has not shown that he had a meritorious defense for non-payment of the $50,000 promissory note. However, I disagree with the majority opinion's determination concerning excusable neglect based in part on Ashley's failure to file his answer with the court.

[¶ 23.] The summons that Ashley received was filed September 25, 2002 and provided in relevant part:

> You are hereby summoned to appear and answer the Complaint of Plaintiff Bret Estes [ ] and serve a copy of your answer thereto upon the undersigned at his office [attorney's address], within thirty (30) days after this Summons is served upon you[.] If you fail to answer as required, Plaintiff Estes will apply to the Court to enter default judgment against you for the relief demanded in the Complaint[.]

Ashley followed the instructions of the summons to the letter. He served an answer upon Estes' attorney within thirty days which denied the allegations of the complaint and gave Estes notice that Ashley intended to raise affirmative defenses. Based on the language of the summons and Ashley's response thereto, the majority opinion's determination that Ashley's response was "not that of a reasonably prudent person under the circumstances" rings false. Ashley did precisely what a reasonably prudent person would have

done in light of the information provided by the summons. Furthermore, his answer to the complaint put Estes on notice that Ashley intended to defend the lawsuit.

[¶ 24.] Ashley's response met all of the requirements of an answer with the exception of filing with the court. This is a technical default which had no impact on Estes' ability to go forward with his suit. As the majority opinion notes, "default judgment is an extreme remedy and should only be granted when 'the adversary process has been halted because of an essentially unresponsive party.'" *Upper Plains Contracting, Inc.,* 2003 SD ¶ 3, ¶ 12, 656 N.W.2d at 327 (quoting *Roso v. Henning,* 1997 SD 82, ¶ 8, 566 N.W.2d 136, 140). There is no indication that the adversary process was halted because of Ashley's failure to file the answer with the court. The only thing the record indicates is apparent continual overreaching by Estes in his dealings with Ashley which culminated in entry of this default judgment.

[¶ 25.] Similarly, Ashley's failure to appear at the default judgment hearing is excusable neglect. Based upon the summons sent to him by Estes, Ashley could reasonably believe that Estes would be unable to request or be granted a default judgment because Ashley complied with the demands of the summons.

[¶ 26.] Although I agree that the trial court did not abuse its discretion in refusing to vacate the default judgment, I would hold that Ashley's conduct constituted excusable neglect even though he failed to file his answer with the court or appear at the default hearing.