MEIERHENRY, Justice
(on reassignment).
[¶ 1.] This is an appeal from the circuit court’s decision not to set aside a default judgment under SDCL 15 — 6—55(c) and 15-6 — 60(b). We affirm.
*659 BACKGROUND
[¶ 2.] Barker & Little, Inc. originally-moved to set aside a 2003 default judgment that had been entered for the plaintiff, Laura Peters, in the amount of $24,231. Peters had been a tenant in a rental unit owned by Barker & Little. The allegations in her complaint were that Barker & Little: willfully locked her out of her rental unit on September 13, 2002; constructively locked her out on September 18, 2002; willfully removed and destroyed her personal property; appropriated her personal property; demeaned her and her loss; invaded her privacy; caused her to lose her job and her subsidized housing; and caused her humiliation and emotional distress. When Barker & Little did not answer, Peters moved for a default judgment for damages in the amount detailed in her accompanying affidavit. Barker & Little was served with the default judgment on March 19, 2003. Shortly thereafter, on March 25, 2003, Barker & Little moved to set aside the judgment under SDCL 15-6-55(c) and 15-6-60(b)(l) based on “excusable neglect.” The company claimed that the paperwork was possibly misplaced when it moved its office.
[¶3.] At the motion hearing to set aside the judgment, the circuit court judge orally granted the motion to set aside the default judgment because of excusable neglect and indicated that he would award terms to Peters. Although the record indicates that the judge told the attorney for Barker & Little to “draw your order setting [the default judgment] aside,” the order was never drawn or submitted for the court’s signature. Even so, Barker & Little filed an answer to Peters’ complaint on May 16, 2003. During the following year, the parties exchanged settlement offers and conducted some discovery, but the case went dormant around August 3, 2004.
[¶ 4.] In 2007, Barker & Little learned, through an unrelated title search, that Peters’ default judgment still existed. The parties again attempted to reach a settlement without success. Ultimately, Peters obtained an execution of the default judgment. On March 17, 2008, Barker & Little renewed its motion to set aside the default judgment on the same basis of excusable neglect cited in its 2003 motion. The motion also alleged that the judgment, on its face, included an improper award of punitive damages in that both double and treble damages were awarded. The circuit court judge denied Barker & Little’s motion and entered an order affirming the March 11, 2003, default judgment in the amount of $24,231 plus attorney’s fees of $851.
STANDARD OF REVIEW
[¶ 5.] We review a court’s denial of a request to set aside a default judgment under the abuse of discretion standard. Estes v. Ashley Hospitality, Inc., 2004 SD 49, ¶ 4, 679 N.W.2d 469, 472 (citing Upper Plains Contracting Inc. v. Pepsi Ams., 2003 SD 3, ¶ 11, 656 N.W.2d 323, 327).
ANALYSIS
[¶ 6.] Barker & Little claims on appeal that the circuit court erred by denying its renewed motion to set aside the default judgment. Barker & Little also challenges the damages awarded in the judgment. It claims that the damages were not warranted by the evidence, that no findings supported the award, and that no evidentiary hearing was held to establish the punitive damages award.
[¶ 7.] A default judgment may be set aside for good cause in accordance with SDCL 15 — 6—55(c) and SDCL 15-6-60(b). “The purpose of Rule 60(b) is ‘to preserve the delicate balance between the *660 sanctity of final judgments and the incessant command of a court’s conscience that justice be done in light of all the facts.’ ” Peterson v. La Croix, 420 N.W.2d 18, 19 (S.D.1988) (quoting Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.1984)). To set aside a judgment, the moving party must first establish one of the grounds identified in SDCL 15-6-60(b). Barker & Little claimed good cause based on excusable neglect. We have defined excusable neglect as “neglect of a nature that would cause a reasonably prudent person under similar circumstances to act similarly.” Peterson, 420 N.W.2d at 19-20 (citations omitted). In addition to establishing grounds under the statute, an applicant must also show a meritorious defense. Id. Thus, in order for the judgment to be set aside, entirely or in part, Barker & Little had the burden of showing (1) excusable neglect and (2) a meritorious defense.
[¶ 8.] At the 2003 motion hearing, the judge indicated he would set aside the judgment on the basis of excusable neglect. However, the judge’s oral pronouncement was not reduced to writing or a formal order. Barker & Little argues that the judge’s oral ruling should be enforced as if it had been reduced to a formal order. Barker & Little cites no authority for this proposition. Instead, it relies on SDCL 15 — 6—41(b) and SDCL 15-11-11 for the proposition that the plaintiff had the responsibility to move the case forward. Our law is well established that an order is not final until it is “reduced to writing, signed by the court or judge, attested to by the clerk and filed in the clerk’s office.” SDCL 15-6-58. Theoretically, the judge could have changed his mind. Until the judge’s oral ruling was reduced to writing, he retained jurisdiction to reconsider. See Moore v. Michelin Tire Co., Inc., 1999 SD 152, ¶¶ 46-47, 603 N.W.2d 513, 525. In fact, Barker & Little acknowledges that the judge retained control of the case and purposely did not sign Peters’ proposed order granting attorney’s fees because the judge wanted the parties to negotiate a settlement. Although a plaintiff normally has the responsibility to move a case forward, the prevailing party to a motion has the responsibility to ensure the formal order is entered. Ultimately, Barker & Little was required to protect its right to set aside the default judgment and to ensure that the order setting aside the default judgment was signed and entered.
[¶ 9.] As the dissent points out, a trial court has the discretion to require a hearing to determine damages at the time a default judgment is requested. Additionally, a trial court can review the damages originally awarded in a default judgment if the judgment is set aside in whole or in part pursuant to SDCL 15 — 6—55(c) and SDCL 15-6-60(b). Without the formal order setting the judgment aside, the damage award in the 2003 judgment remained in effect. At the time of Barker & Little’s renewed motion, five years had passed since entry of the default judgment. The main hurdle for Barker & Little in its renewed motion was the delay. Barker & Little’s original motion to vacate was within the statutory one year time frame; the renewed motion came five years later. In 2003, the judge indicated orally that he would have allowed Barker & Little to set aside the judgment and challenge the amount of damages. The same judge, however, denied the renewed motion in 2008.
[¶ 10.] Barker & Little’s 2008 renewed motion to set aside the judgment based on excusable neglect is measured against a reasonable person standard of whether the neglect is “of a nature that would cause a reasonably prudent person under similar circumstances to act similar *661 ly.” Peterson, 420 N.W.2d at 19-20 (citations omitted). The judge reviewed the entire case and concluded that Barker & Little failed to establish excusable neglect. We see no error in that conclusion. What may pass as excusable neglect within one year after entry of a judgment may not constitute excusable neglect some five years later. Furthermore, a motion to set aside a default judgment based on excusable neglect must be raised within one year after the judgment. SDCL 15 — 6—60(b). Barker & Little did not advocate any other subsection of SDCL 15-6-60(b) as a basis for setting aside the judgment.
[¶ 11.] The judge determined too much time had passed, and his original analysis of the case had changed. The judge found “that, upon a review of the entire case, ... [Barker & Little’s] defense to [Peters’] action fails to overcome the length of time [Barker & Little] has allowed to elapse during which the Default Judgment has remained in effect and [Barker & Little] has remained without formal standing before this court.” Although the judge expressed at the 2003 hearing that Barker & Little may have had a meritorious defense as to some of the damages, he found the extended delay controlled the result in 2008. Barker & Little failed to show its five-year delay was reasonable under the facts of this case. Under the circumstances, we find no abuse of discretion in denying the motion to set aside the default judgment.
[¶ 12.] Affirmed.
[¶ 13.] GILBERTSON, Chief Justice and SEVERSON, Circuit Judge, concur.
[¶ 14.] KONENKAMP, Justice, concurs in part and dissents in part.
[¶ 15.] SABERS, Retired Justice, dissents.
[¶ 16.] SEVERSON, Circuit Judge, sitting for ZINTER, Justice, disqualified.